EDWIN A. LOMBARD, Judge.
 

 |, Plaintiffs/Appellants, Insurance Company of North America, Reliance National Insurance Company, Zurich Insurance Company, National Union Fire Insurance of Pittsburgh, Pennsylvania (hereinafter collectively referred to as (“Property Insurers”) and McGlinchey Stafford, PLLC (“McGlinchey”), appeal the trial court’s judgment sustaining the Exception of Res Judicata filed by Defendant/Appellee, En-tergy Louisiana, Inc. (“Entergy”) and denying Property Insurers’ Motion for Summary Judgment. For the reasons set forth more fully below, we find that the claim filed by Property Insurers is barred by
 
 res judicata,
 
 and affirm the trial court’s judgment.
 

 Relevant Facts
 

 This matter arises out of an explosion that occurred on July 27, 1995, in the ROSE Unit of the Murphy Oil U.S.A., Inc. (“Murphy”) refinery in Meraux, Louisiana, which resulted in property damage and business interruption losses to Murphy, and injuries to nearby residents. Numerous lawsuits resulted from the incident. On September 25, 1996, the trial court certified a class of persons who claimed to have sustained damages as result of the explosion and fire captioned
 
 Andry v. Murphy Oil U.S.A., Inc., et al.,
 
 under docket number 77-132 in the 34th Judicial
 
 *266
 
 District Court in St. Bernard Parish, Louisiana. Murphy intervened in this lawsuit to recover damages from Energy and other defendants whom it alleged were responsible for its injuries. Property Insurers subsequently instituted the instant numbered action, number 79-581, on July 11, 1996, seeking recovery of insurance proceeds paid or to be paid on behalf of Murphy for property damage and business losses resulting from the explosion. In then* Petition, Property Insurers alleged that they were subrogated to the rights of their insured, Murphy, to the extent of the amount they paid to Murphy for its property damage and business interruption losses.
 

 Later, the trial court ordered that all cases filed in the 34th JDC in connection with the Murphy Oil Refinery explosion, including the instant suit, number 79-581, were to be consolidated with the
 
 Andnj
 
 suit, and that the consolidated action would bear master docket number 77-132. Shortly before trial was to take place, Murphy settled the class claims for $8.8 million dollars and funded $7.3 million of the settlement amount. As part of the settlement, Murphy received an assignment of the class plaintiffs’ claims.
 

 The remaining consolidated cases were tried at an almost two-month-long bench trial in the Fall of 2003. Prior to the trial, all parties, including Murphy, Property Insurers, and Entergy, stipulated that the amount of Murphy’s damages was $8,549,149 (which included $3,045,991 in uninsured losses and $5,503,158 for the amount Property Insurers paid to Murphy). After the trial, the court found in favor of Murphy and against Entergy and another defendant, finding Entergy 40% at fault. A judgment was signed on July 21, 2004. This judgment, which had originally been drafted and submitted by counsel for Murphy, awarded the entirety |3of the damages to Murphy and none to Property Insurers. Additionally, the judgment erroneously awarded Murphy the millions of dollars in damages sustained by nearby residents for which Murphy claimed subro-gation, for a total award of $16,110,598. The judgment bore the master docket and case file number 77-132, and listed several of the individual docket numbers, but not case no 79-581. Nonetheless, after the judgment was issued, Property Insurers did not ask the district court to amend the judgment to directly award them the portion of the stipulated damages for insured losses, nor did they request that the court include a statement in the judgment clarifying that the consolidated judgment did not include their case for damages against Entergy. Moreover, while at least one other party requested a separate judgment, Property Insurers did not request a separate judgment reflecting docket number 79-581.
 

 Entergy appealed the trial court’s judgment on the basis that, contrary to the pre-trial stipulation, it erroneously awarded damages to Murphy that included the 7.3 million dollars in damages Murphy paid to settle the class-action suit filed by the nearby residents. Murphy also appealed the judgment, but only the portion finding that Murphy did not meet its burden of proof to prevail against ARCO, one of the other defendants. Although they did not directly appeal the trial court’s judgment, Property Insurers did join in and sign the appellate brief to this Court filed by Murphy that sought the affirmation of the district court’s award of damages to Murphy.
 

 On appeal, this Court affirmed the judgment of the trial court, but amended the amount of damages awarded to reflect the figures previously stipulated by the parties, finding that Energy’s 40% share of the amount owed in damages was
 
 *267
 
 $1,218,396.40.
 
 Andry v. Murphy Oil U.S.A., Inc.,
 
 05-126 to 05-133, pp. 33-34 (La.App.4 4 Cir. 6/14/06), 935 So.2d 239, 260-61. Murphy filed an Application for Rehearing in this Court. In the Application, which was signed by both counsel for Murphy and Property Insurers, Murphy and its insurers again sought the affirmation of the district court’s award of damages to Murphy, advising the court that due to a side agreement between Murphy and its insurers, Murphy was entitled to seek recovery of the subrogated damage claim in this action and Murphy and Property Insurers would share the awarded damages on a pro-rata basis. This Court denied the Application for Rehearing.
 

 After the denial of the Application for Rehearing, Property Insurers filed a Motion for Summary Judgment in district court under docket number “79-581 c/w all remaining cases,” arguing that their case had not been part of the consolidated judgment, and seeking the identical property damage and business interruption losses that had already been awarded to Murphy by the district court. Murphy intervened in the suit seeking their agreed-to pro-rata share of any recovery to Property Insurers. McGlinchy also intervened in this suit, seeking recovery of attorney’s fees. In the meantime, Murphy also filed an Application for Writ of Certiorari in the Louisiana Supreme Court in case number 77-132, seeking to restore the district court’s award of damages to it. The Supreme Court denied writs.
 
 Andry v. Murphy Oil U.S.A., Inc.,
 
 06-2256 (La.12/08/06), 943 So.2d 1093.
 

 Entergy then filed an opposition to the Motion for Summary Judgment filed by Property Insurers in the district court, as well as Exceptions of Res Judicata and No Cause of Action to Murphy’s Insurer’s claim for damages. At the hearing on the motion and exceptions on March 7, 2007, Entergy argued that Property Insurers’ claims against Entergy for property damage and business interruption losses resulting from the explosion at the refinery were extinguished by the district [¿court's July 21, 2004 judgment in
 
 Andry,
 
 which had awarded the same damages to their insured, Murphy, with Property Insurers’ full knowledge and support. In response, Property Insurers argued that its freestanding claim seeking the money it paid in insurance proceeds to Murphy, in case number 79-581, was not included in the
 
 Andry
 
 judgment, and had never been adjudicated. On March 9, 2007, the district court rendered a judgment in docket number 79-581, denying Property Insurers’ Motion for Summary Judgment and sustaining Entergy’s Exception of
 
 Res Judi-cata.
 
 It is from this judgment that Property Insurers now appeal.
 

 Law & Discussion
 

 On appeal, Property Insurers argue that the trial court erred in sustaining Enter-gy’s Exception of Res Judicata and dismissing their claim against Entergy. Property Insurers also argue that the trial court erred in denying their Motion for Summary Judgment.
 

 Res Judicata
 

 The doctrine of
 
 res jttdicata
 
 precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment.
 
 Avenue Plaza, L.L.C. v. Falgoust,
 
 96-0173, pp. 4-5 (La.7/2/96), 676 So.2d 1077, 1079. It is designed to promote judicial efficiency and final resolution of disputes.
 
 Id.
 
 The standard of review of a peremptory exception of res
 
 judicata
 
 requires the appellate court to determine if the trial court’s decision is legally correct or incorrect.
 
 Sutter v. Dane Investments, Inc.,
 
 07-1268, p. 3 (La.App. 4 Cir. 6/04/08), 985 So.2d 1263, 1265.
 

 
 *268
 
 The doctrine of
 
 res judicata
 
 in Louisiana is set forth in La.Rev.Stat. 13:4231, which was amended in 1990 to provide as follows:
 

 | ^Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 In
 
 Chevron USA, Inc. v. State,
 
 07-2469 (La.9/08/08), 993 So.2d 187, the Louisiana Supreme Court examined the doctrine of
 
 res judicata
 
 and stated:
 

 Based on the language of the above statute, this court has established the following five elements that must be satisfied for a finding that a second action is precluded by res judicata: “(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.”
 
 Bur-guieres v. Pollingue,
 
 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053. Since the 1990 amendment to the res judicata statute, this court considers the “chief inquiry” to be “whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action.”
 
 Id.
 

 Id.,
 
 p. 10, 993 So.2d at 194.
 

 Louisiana courts recognize that “a final judgment has the authority of
 
 res judicata
 
 only as to those issues presented in the pleadings and conclusively adjudicated by the court.”
 
 Deckmann Assoc. v. IP Timberlands Operating Co., Ltd.,
 
 96-2209, p. 9 (La.App. 1 Cir. 2/20/98), 710 So.2d 1091, 1096,
 
 writ denied,
 
 98-1398 (La.7/2/98), 724 So.2d 738. Moreover, the doctrine of
 
 res judicata
 
 is
 
 stñcti juris,
 
 thus, any doubt concerning the application of the principle must be resolved against its application.
 
 Kelty v. Brumfield,
 
 93-1142, p. 7 (La.2/25/94), 633 So.2d 1210, 1215.
 

 In this ease, Property Insurers do not dispute that four of the elements for application of res
 
 judicata
 
 are satisfied. They do not dispute that the
 
 Andry
 
 judgment is valid, it is final, that their claim for damages asserted in the instant suit existed when
 
 Andry
 
 was decided, or that then-claim for damages asserted in the instant suit arose out of the transaction or occurrence that was the subject matter of the consolidated suit. However, Property Insurers do make several arguments regarding why their instant claim is not barred by
 
 res judicata.
 
 First, they argue that res
 
 jtidicata
 
 does not apply here since the original judgment for damages was in favor of Murphy and not Property Insurers, and thus, the requirement that the parties in both suits must be the same is not met in this case. Second, they argue that be
 
 *269
 
 cause the consolidated judgment did not specifically bear their case number, their claim was not adjudicated. Finally, they argue that had their case been adjudicated as part of the consolidated proceeding, a separate judgment should and would have been issued under their specific ease number. We find fault with all three arguments.
 

 First, we find that there is an identity of the parties in this case. Louisiana law is clear that “[tjhere exists an identity of the parties whenever the same parties, their successors, or others appear so long as they share the same ‘quality’ as parties.”
 
 Welch v. Crown Zellerbach Corp.,
 
 359 So.2d 154, 156 (La.1978). Here, even though the
 
 Andry
 
 judgment was in favor of Murphy only and not |RMurphy and Property Insurers, as the insurer and the insured, Murphy and Property Insurers share the same quality as parties. Thus, Property Insurers’ argument that
 
 res judi-cata
 
 does not apply, since the claims were brought by different parties, has no merit.
 

 Further, we find that Property Insurers’ claim was part of the consolidated action and was adjudicated by the trial court. Pursuant to Case Management Order Number 1 of the trial court, Property Insurers’ claim to recover the amount it paid to Murphy was consolidated with all of the cases pending in the 34th JDC and under the master file and docket number 77-132, under the
 
 Andry v. Murphy
 
 caption. On August 22, 1996, the district court specifically ordered that the suit of Property Insurers against Entergy, Docket Number 79-581, “be consolidated and tried with [Andry, docket number 77-132].” The consolidated cases were heard together, decided as one case, and contained in one transcript. Therefore, there was no error in the trial court’s issuance of a single consolidated judgment. Contrary to Property Insurers’ claim, there is simply no hard-set rule that there be separate written judgments in consolidated eases. If the trial court erred in failing to specifically list case number 79-581 in the judgment, Property Insurers should have brought this oversight to the court’s attention so that it could have been remedied.
 

 Although the trial court’s judgment was solely in favor of Murphy, for the full amount of damages it sustained, including those paid by its insurers, Property Insurers did not ask for a new trial, did not request that the trial court amend the judgment to award the amount that it paid to Murphy for insured damages, and did not appeal the judgment. Property Insurers have admitted that they were pleased with the judgment as they joined with Murphy in asking the trial court, this Court, | fland the Louisiana Supreme Court, to affirm the trial court’s damage award to Murphy. Clearly, the totality of the trial court’s award to Murphy, which included the millions of dollars in class-action damages, would have benefited Property Insurers, who were to collect a pro-rata share of Murphy’s recovery.
 
 [1]
 

 Rather than seeking to have the trial court amend the judgment in conformity with the stipulation, Property Insurers chose to keep the higher amount and joined in pleadings to defend the award.
 
 *270
 
 It was only after this Court reduced the award to Murphy on appeal that Property Insurers argued that their case was not part of the consolidated judgment. However, Property Insurers ignore the fact that the entire consolidated record, including case number 79-581, was before this Court in the
 
 Andry
 
 appeal. ■ And, both this Court and the Louisiana Supreme Court included docket number 79-581 in the list of dockets being reviewed.
 

 The claim brought by Property Insurers against Entergy for damages, which represents the amounts it paid to Murphy for its business interruption losses and property damage, is between the same parties, arose out of the same occurrence, and demands the same damages as those raised in the consolidated proceeding. The
 
 Andry
 
 judgment was a valid and final judgment of the consolidated claims. Therefore, the instant claim is barred by
 
 res judicata,
 
 since it was presented in the pleadings, was adjudicated by the court and was part of the consolidated judgment.
 

 Additionally, although we recognize that there are circumstances in which the application of
 
 res judicata
 
 would be unfair, we do not find that any of the | mexceptions to the general rule of res
 
 judicata,
 
 which are set out in La. R.S. 13:4232, apply in this case. La. R.S. 13:4232 provides in pertinent part:
 

 A. A judgment does not bar another action by the plaintiff:
 

 (1) When exceptional circumstances justify relief from the
 
 res judicata
 
 effect of the judgment;
 

 (2) When the judgment dismissed the first action without prejudice; or,
 

 (3) When the judgment reserved the right of the plaintiff to bring another action. [Emphasis supplied.]
 

 The comments to La. R.S. 13:4232 state that this statute gives a court the authority to exercise its equitable discretion to balance the principle of
 
 res judicata
 
 with the interests of justice under exceptional circumstances. However, the comments also provide, “ [t]his discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of
 
 res judicata
 
 would be defeated.... ” Thus, pursuant to La. R.S. 13:4232(1), we do have the discretion to decline to apply the doctrine in this case if we find that exceptional circumstances exist that would justify our doing so. Here, we do not find that any truly “exceptional circumstances” exist such that
 
 res judicata
 
 should not apply.
 

 Further, La. R.S. 13:4232(3) does not offer Property Insurers any relief from the bar of
 
 res judicata,
 
 since the consolidated judgment did not
 
 reserve
 
 the right of Property Insurers to bring another action against Entergy to recover, in their own names, the money that they paid to Murphy. Had Property Insurers felt that their claim was not addressed and adjudicated in the consolidated proceeding, they could and should have requested such a reservation of rights from the trial court. And although they now argue that this Court’s opinion in
 
 Andry,
 
 which reduced the amount of the award to Murphy to 40% of the uninsured damages, implies that the trial court’s judgment did not include the claim brought by |nMurphy’s Insurer against Entergy, we did not intend such an implication. Had that been our intention, we would have remanded the case back to the trial court for further proceedings. We did not.
 

 For the foregoing reasons, the judgment of the trial court sustaining Entergy’s exception of
 
 res judicata
 
 is affirmed. Because we find that Property Insurers’ claim for damages against Entergy is barred by res
 
 judicata
 
 and was correctly dismissed, there is no need to address the
 
 *271
 
 accuracy of the trial court’s ruling denying Property Insurers’ Motion for Summary Judgment.
 

 AFFIRMED.
 

 [1]
 

 . At the hearing on the exception of
 
 res judi-cata,
 
 counsel for Property Insurers had the occasion to explain the insurers' actions in response to the trial court's judgment. He stated:
 

 The judgment awards all of the money to Murphy. It does not name my clients at all. That was, to be perfectly honest, of no moment to Mr. Frilot or Mr. Krouse [counsel for Murphy] or to me, because we had an agreement; and in the interest of full disclosure, we had an agreement that we would share on a pro rata basis a 35/65 percent.