EDWIN A. LOMBARD, Judge.
| iThis appeal is from a judgment granting the exception of res judicata, filed on behalf of defendants American Zurich Insurance Company (American Zurich), National Union Fire Insurance Company (National Union), Task Force Staffing Services, Inc. (Task Force), and Baumer Foods, Inc. (Baumer). After review of the record in light of the applicable law and arguments of the parties, we affirm in part and reverse in part and remand the matter back to the trial court.

Relevant Facts and Procedural History

The decedent, Robin Simmons, died of a heart attack in May 2005. Specifically, on May 4, 2005, Ms. Simmons, working the afternoon shift at the Baumer plant, began having chest pains and sweating profusely. Ricardo Vasquez, the shift supervisor, took her to the plant manager’s office. After a series of phone calls to Task Force, it was determined that neither Task Force nor Baumer Foods would assume responsibility for expenses if an ambulance was called. Accordingly, Ms. Simmons was moved to a different office while Mr. Vasquez returned to his duties as shift supervisor. Eventually, Mr. Vasquez returned to Ms. Simmons, put her in his car, transported her to Charity Hospital, placed her inj^a wheelchair in the ambulance bay and returned to the Baumer plant. Ms. Simmons died in the Charity Hospital waiting area at 6:06 p.m. before her husband, Sey-more Simmons, who was also employed at the Baumer plant and only notified of his wife’s illness as she was being transported to the hospital, could reach her on his bicycle.
On July 15, 2005, Ms. Simmons’ heirs filed suit against Ricardo Vasquez, Bau-mer, and its insurer, American Zurich, alleging that the defendants were negligent *791 in failing to properly train, educate, and instruct its employees on methods in assisting someone who is ill, failing to monitor and oversee the actions and practices of its employees, failing to call 911 and/or emergency medical personnel to assist an ill person on its premises, failing to have trained emergency medical personnel available for treatment of those who become ill on its premises, permitting an employee to drive someone to the hospital, and other acts and omissions falling below the applicable standards of care. In their petition, the plaintiffs alleged that Ms. Simmons was an employee of Task Force assigned to Baumer as an independent contractor.
On motion for summary judgment, Bau-mer argued that the decedent was a borrowed employee pursuant to the Louisiana workers’ compensation scheme and not, as alleged in the plaintiffs’ petition, an independent contractor. The trial court denied the motion, but pursuant to Baumer’s application for supervisory writ, this court determined on September 6, 2007, that the plaintiff was a borrowed employee and not an independent contractor and, accordingly, granted writ and ^reversed the judgment of the trial court. The Louisiana Supreme Court denied the plaintiffs’ application for writs of review. Simmons v. Baumer Foods, 2007-1987 (La.12/7/07), 969 So.2d 618.
Shortly thereafter, American Zurich filed a Motion for Summary Judgment, arguing that it was entitled to summary judgment because the decedent was a Bau-mer employee and its CGL policy excluded coverage for employees whose bodily injury arose out of and in the course of employment or while performing duties related to the conduct of Baumer’s business or for any obligations incurred by its insured under workers’ compensation, disability or similar laws. Baumer, Task Force, and National Union[1] filed separate Exceptions of No Cause of Action alleging that the plaintiffs’ claims were barred by the exclusivity provisions of the Louisiana Workers’ Compensation Act. On March 6, 2008, the trial judge issued a judgment sustaining the exceptions and granting the motion for summary judgment.[2]
On April 4, 2008, rather than appealing the trial court judgment of March 6, 2008, the plaintiffs filed a workers’ compensation claim. Baumer, Task Force, and their respective workers’ compensation insurers quickly moved for summary | ¿judgment, arguing that the decedent’s heart attack was a pre-existing heart-related injury and, thus, not an injury producing accident *792 that occurred -within the scope and course of employment pursuant to La.Rev.Stat. 28:1021 and La.Rev.Stat. 23:1031. Finding that although the decedent was an employee the plaintiffs’ action did not fall within the scope of the Workers’ Compensation Act, the workers’ compensation judge granted summary judgment.[3] On August 13, 2009, the plaintiffs refiled their tort action. Each of the defendants, Baumer, Task Force, National Union, and American Zurich, filed exceptions of res judicata, arguing that the plaintiffs’ claims were previously litigated to a final judgment on the merits. The trial court granted the exceptions of res judicata and dismissed the plaintiffs’ claims with prejudice on November 12, 2009 and this timely appeal followed.

Standard of Review

The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct or incorrect. Ins. Co. of North America v. Louisiana Power & Light, 2008-1315, p. 5 (La. App. 4 Cir. 3/4/09), 10 So.3d 264, 267; Sutter v. Dane Investments, Inc. 07-1268, p. 3 (La.App. 4 Cir. 6/04/08), 985 So.2d 1263, 1265. Louisiana courts recognize that “a final judgment has the authority of res judicata only as to those issues presented in the pleading and conclusively adjudicated by the court.” Ins. Co. of North America, 2008-1315 at 6, 10 So.3d at 268. Moreover, the doctrine of 15res judicata is stricti juris and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application. Id. at 7; Kelty v. Brumfield, 93-1142, p. 7 (La.2/25/94), 633 So.2d 1210, 1215.
Notably, there is statutory recognition that application of the doctrine of res judi-cata in all circumstances would be unfair. Specifically, La.Rev.Stat. 13:4232(A)(1) provides that a judgment does not bar another action by the plaintiff “[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment.” Moreover, the comments accompanying La.Rev.Stat. 13:4232 make clear that his court has the authority under the statute to exercise its equitable discretion to balance the principle of res judicata with the interests of justice, although clearly “this discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases.... ”

Assignment of Error

The plaintiffs argue on appeal that the trial court erred in finding that their claims were barred by res judicata because they pursued a tort claim until instructed by the court that their claim resounded under the Workers’ Compensation Act and then pursued their claim in that venue until it was conclusively determined that their claim does not resound under the Workers’ Compensation Act. Accordingly, the plaintiffs assert that to dismiss their claims under these circumstances without ever allowing them the opportunity to litigate the negligence issues constitutes a travesty of justice. In response, the defendants argue that dismissal is appropriate because it was legally determined that the | (¡plaintiffs’ exclusive remedy falls under the Workers’ Compensation Act but that their claims do not merit recovery under the Act.

Discussion

Under the workers’ compensation scheme, an employer is responsible *793 for compensation benefits to an employee who “receives personal injury by accident arising out of [the employment] and in the course of his employment. La.Rev.Stat. 23:1031(A). Notably, the Legislature has the authority to limit remedies, as with workers’ compensation, but it can never completely deprive citizens of the right to seek a remedy either under the Workers’ Compensation Act or under our general law. O’Regan v. Preferred Enterprises, Inc., 98-1602, p. 14 (La.3/17/00), 758 So.2d 124, 134; see also La. Const. art. I, § 22 (“every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to his person, property, reputation, or other rights.”) Thus, workers’ compensation benefits are available when “an employee not otherwise eliminated from the benefits of this Chapter receives personal injury arising out of an in the course of [her] employment, La. Rev.Stat. 23:1031(A), and it is “[o]nly in such instances are workers’ compensation benefits the employee’s exclusive remedy against his employer.” O’Regan, 98-1602, p. 10, 758 So.2d at 131-132 (emphasis added). Accordingly, “[w]hen an employee fails to demonstrate that the injury arose out of and occurred in the course of employment the Act has no applicability and he may proceed in tort.” O’Regan, 1998-11602 at P. 13, 758 So.2d at 133 (citation omitted).
_JjHeart-related disease is specifically excluded from inclusion in the classification of occupational diseases, La.Rev.Stat. 23:1031.1(A), and can only be categorized as the requisite personal injury by accident arising out of employment when the plaintiff demonstrates by clear and convincing evidence that the physical work was extraordinary and unusual and that it was the physical work stress or exertion, not a pre-existing condition, that was the predominant and major cause of the heart-related injury or death. La.Rev.Stat. 23:1021(7)(e). By imposing a high burden of proof and identifying heart-disease as a risk which falls outside the occupational disease protection of the Workers’ Compensation Act, the Legislature has clearly created a category of employees who are “otherwise eliminated from the benefits of this Chapter,” La.Rev.Stat. 23:1031(A). Thus, the Workers’ Compensation Act does not provide exclusive coverage for an employee, nor does it protect an employer from all liability in any action taken with regard to an employee:
The Act does not and cannot foreclose all types of civil actions between employers and employees. Rather the exclusivity provisions of the Act preclude only those civil tort actions premised upon the fault of the employer vis-a-vis the employee for workplace injuries com-pensable under the Act. A compensable injury under the Act is one contracted in the course of and arising out of the employment and for which the injured employee is entitled to receive compensation. La. Rev.Stat. 23:1031.(D).
O’Regan, 98-1602 at p. 14-15, 758 So.2d at 134. In other words, the Act was not intended to give the employer a windfall and relieve him of all responsibility towards injured employees. O’Regan, 98-1602 at 18, 758 So.2d at 18 (it is a fundamental principle that the employee must have the possibility of recovery 18under the Act for the scope of immunity from tort liability granted by the exclusivity provisions to be operative).
The circumstances of this case are clearly exceptional. It has been judicially determined that the decedent was a borrowed employee but that her claims do not fall under the Workers’ Compensation Act. The plaintiffs initially filed a tort action in civil district court but were diverted into the workers’ compensation system. Now that it has been decisively determined that *794 decedent was an employee and that the plaintiffs’ claims do not fall under the Workers’ Compensation Act, the defendants argue that the doctrine of res judi-cata should be applied to deny the plaintiffs them day in court. Notably, the plaintiffs have vigorously pursued their claims but the substance of them tort claims and the issue of whether those claims fall beyond the scope of the Workers’ Compensation Act have yet to be addressed. Rather, their pursuit of justice has been derailed by the procedural determinations as to whether their action should be heard in civil district court or workers’ compensation court. Accordingly, now that it has been definitively determined that the plaintiffs’ action is properly brought in civil district court, it would be unjust to bar them from an opportunity to litigate the substantive issues. Under the exceptional circumstance of this case, we find that relief from the res judicata effect of the prior judgments sustaining the Exceptions of No Cause of Action filed by Baumer, Task Force, and National Union (alleging that the plaintiffs’ claims were barred by the exclusivity provisions of the Louisiana Workers’ Compensation Act) is justified. With regard to the plaintiffs’ 1 nclaims against American Zurich, there appears to be no dispute that the plaintiffs’ claims against Baumer do not fall within the terms of American Zurich’s CGL policy with Baumer and, accordingly, we affirm the summary judgment rendered in favor of American Zurich.

Conclusion

The judgment of the trial court is reversed in part and affirmed in part and the matter is remanded for further proceedings.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
MURRAY, J., Concurs In Part With Reasons.

. Task Force and their insurer, National Union, were added as defendants by supplemental and amending petition in January 2007. Task Force filed a Peremptory Exception of No Cause of Action, alleging that the plaintiffs’ claims were barred by the exclusivity provisions of the Louisiana Workers' Compensation Act. The trial judge granted the exception, but allowed the plaintiffs the opportunity to amend their suit to cure the objection raised by Task Force's exception. Shortly thereafter, on May 29, 2007, the plaintiffs filed an amending and supplemental petition adding claims for a cause of action under La.Rev.Stat. 23:13 for failing to call 911 and a cause of action for failing to follow company policies and procedures.

. Notably, this ruling was made after this court reversed the trial court, finding that the decedent was a "borrowed employee” and stating in dicta that the plaintiffs’ exclusive remedy was under the Workers' Compensation Act. Clearly, to the extent that the defendants have construed this court's determination that the decedent was a borrowed employee to suggest that employers are entitled to a windfall if someone in their employ is injured by negligent actions that do not fall within the scope of workers' compensation coverage, such construction is clear error. See O'Regan, infra.

. The judgment of the workers’compensation court was subsequently affirmed by this court. Simmons v. Task Force Staffing Services, Inc./Baumer Foods, Inc. 2009-1384 (La.App. 4 Cir. 1/13/10), 30 So.3d 223.