EDWIN A. LOMBARD, Judge.
|TIn this pro se appeal, the plaintifi/ap-pellant, Nathaniel R. Joseph*, Jr., seeks review of two district court judgments that resulted in the dismissal of two defendants: EAN Holdings, LLC (“EAN”) a,nd Entergy New Orleans, Inc. (Entergy); specifically, the plaintiff seeks review of the summary judgment rendered in favor of EAN and the judgment granting Enter-gy’s exceptions of no cause of action and res judicata. After review of the record in light of the applicable law and arguments by the parties, we affirm the judgments of the district court.

Relevant Facts and Procedural History

According to his pro se petition filed in district court on March 16, 2016, the plaintiff was injured in a vehicular accident after midnight on March 18, 2014, near Canal and South Prieur Streets when his truck (in which he was riding as a passenger) was struck by a vehicle rented from Enterprise Rental Car Company. He *649 named as defendants: (1) “John Doe” as driver of a rental vehicle who fled-on foot after the accident; (2) Enterprise Rental for renting to John Doe; and (3) EAN Holdings LLC, as the legal corporation responsible- for the actions of - John Doe. He also named as defendants Hartford Insurance Company, LLC, (his • UM | ^insurance carrier) and Entergy, asserting that the accident of March 18, 2014, “caused the re-aggravation” of injuries sustained in a 1996 accident with an Enter-gy utility pole. He alleged that as a result of the 2014 accident he had undergone several back surgeries and that future surgeries. were recommended. In addition, the plaintiff alleged he “may need to be detoxed from addiction because of the medicine taken • from the accident on March 18th, 1996 and the medicines taken after the accident of March 18th, 2014.”
On April 28, 2015, EAN filed its answer with exceptions of insufficiency of service of process, vagueness or ambiguity, prescription, no cause of action, and non-conformity of the petition. The defendant denied the plaintiffs allegation and affirmatively pleaded that the driver of the plaintiffs vehicle (Glenda Murray) struck EAN’s parked vehicle and did not stop to report the accident.
On June 3, 2015, the plaintiff filed an amended petition, naming James Edward, the driver of the rental ear, as defendant but claiming that EAN was liable for thé actions of its lessor.
On June 11, 2015, Entergy filed its peremptory exception of no cause of action and res judicata, pointing out that the plaintiffs claims for the 1996 accident had been previously litigated through appeal, Joseph v. Entergy, 200-2213 (La.App. 4 Cir. 2/13/02), 811 So.2d 54, and therefore his claims in the current lawsuit must be dismissed.
On July 9,2015, in response to the plaintiffs amended petition, EAN filed exceptions of insufficiency of service and no cause of action, as wéll as a motion for summary judgment.
On September 1, 2015,' the plaintiff filed a memorandum in opposition to EAN’s motion for summary judgment'. After a hearing on September 3, 2015, the 1 ^district court rendered summary judgment[1] on September 10, 2015, in favor of EAN, dismissing EÁN with prejudice and at plaintiffs costs.
On September 16,- 2015, the district court granted Entergy’s exceptions of no cause of action and res judicata.
On September .22, 2015, the plaintiff filed a document in district court stating that he objected to “the Judgment signed on September 16, 2015 and hereby gives notice of appeal of the ruling and judgment of the Honorable Court granting Exceptions to defendants,. Entergy New Orleans, Inc. (ENOI) Enterprise Rental and EAN Holding Company.” He also requested an order from the district court commanding the defendants to show cause why a new trial should not be granted or, in the alternative, requested the district court to “sign an order of ‘Devolutive’ Appeal in this matter.”
On' September 24, 2015, the district court signed the order granting the plaintiffs motion for a devolutive appeal.

Discussion

The plaintiffs pro se arguments on appeal are closely intertwined with regard to *650 the defendants, but to'the extent possible we consider separately his appeal of the summary judgment rendered in favor of EAN and the judgment granting Enter-gy’s exceptions of res judicata and no cause of action separately.

Entergy’s Exception of Res Judicata and No Cause of Action

The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct or incorrect. Ins. Co. of North America v. Louisiana Power & Light, 2008-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267. A final judgment is “res judicata only as to those issues presented in the pleading and conclusively adjudicated by the court.” Id., 2008-1315 at 6, 10 So.3d at 268.
Entergy points to this court’s decision in Joseph v. Entergy, 2000-2213 (La.App. 4 Cir. 2/13/02), 811 So.2d 54 as evidence in support of its exceptions of no cause of action and res judicata. That case reveals that during a Storm on March 18, 1996, the plaintiff was injured when a light standard crashed into a fruit stand canopy, striking the plaintiff on the head and he sustained permanent injury to his head and back, requiring several surgeries and “a lifetime of medical care.” Id., 2000-2213, p. 2; 811 So.2d at 57. Entergy was found 100.% hable and the plaintiff was awarded a total of $3,060,468.00.. Id. En-tergy appealed the award of $1,750,000.00 in general damages and $142,000.00 for loss of personal services, but this court affirmed on appeal, finding the awards “not unreasonable given the extent of his injuries.” Id. 2000-2213, p. 14, 811 So.2d at 61.
in response to Entergy’s exceptions before the district court, the plaintiff argued only that he needed additional time for discovery to show that his settlement with Entergy was not res judicata and that his injuries in the March 18, 2014, accident exacerbated the “injuries casued [sic] in the Entergy accident of 2001.” In his brief before this court, the plaintiff alleges that the district court erred in not conducting a choice of law analysis regarding a “new trial motion” and offers his own sworn affidavit stating that Dr. Satvik Munshi has proffered an opinion “probative of the issue of liability regarding En-tergy New Orleans.”
The plaintiff presents no new claim against Entergy-in the present litigation, arguing only that injuries sustained in 2014 exacerbated injuries incurred in the |s1996. Because liability for those injuries, including lifetime medical payments, were previously litigated through appeal, the district court was not manifestly erroneous in granting Entergy’s.exceptions and dismissing Entergy from this case.

EAN’s Motion for Summary Judgment

Summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment ..is appropriate; ie. whether there is any genuine issue of material fact, and whether the movant is “entitled to judgment as a matter of law.” Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08) 977 So.2d 880, 882-83.
Summary judgment is proper “if the pleadings, depositions,, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. Art. 966(B). The initial burden of producing evidence at the hearing on the motion'for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual' support for an essential eleinent in the opponent’s case. Schultz v. Guoth, 10-0343, p. 4 (La.1/19/11), 57 So.3d *651 1002, 1006 (citation omitted). . “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial ... Once the motion for summary judgment has been supported by the moving party, the failure of the non-moving party to produce evidence of material factual dispute mandates-the granting of the motion.”' Id. (citations omitted).
EAN pointed out in its motion for summary judgment that there no genuine issue of material fact and that it was entitled to summary judgment as a matter of Ijaw because, as owner of the leased car, it owed no financial responsibility , protection to the plaintiff who was protected by both his own UM insurance policy-and the lessor’s GEICO policy. In support of its motion, EAN submitted (1) the copy of the rental agreement with James Edwards; (2) the Certificate of Self-Insurance in effect on March 18, 2014; and (3) the affidavit of Melanie Goodyear, EAN Group Risk Manager. Ms. Goodyear’s affidavit stated that (1) James Edwards declared he was insured by GEICO with a $1000 deductible and declined EAN’s Supplement Liability Protection; (2) ■ EAN policy required only that a renter present a facially valid driver’s license and EAN’s rental records indicate that Mr. Edwards' did so at the time of the rental; (3) as verified by the Certificate of Self-Insurance, EAN satisfied the financial responsibility laws of Louisiana as a self-insurer; (4) she was present at EAN’s Canal Street branch when James Edwards notified EAN that the car he had rented was no longer where he parked it in front of EAN and, as a result, a review of EAN’s surveillance tapes revealed a car strike the parked rental car and push it into the roadway before fleeing the scene; (5) EAN’s property damage to the rental vehicle was paid by the plaintiffs liability insurer, in the amount of $10,985.12
The plaintiffs response to EAN’s motion for-summary judgment in district court is inapposite; arguing only that the settlement with Entergy was not res judi-cata and that EAN’s exceptions (filed in the alternative with the motion for. summary judgment) are without merit. Similarly, in his brief before this court, the plaintiff argues-' that the -district. court erred- in not conducting a choice of law analysis, regarding a “new trial motion” .and that, a sworn affidavit ,of Dr. Satvik Munshi is “probative of the issue of liability regarding Entergy New Orleans.” In conclusion, .the plaintiff states “In the final analysis, whether EAN Holing LLC 17and/or Enterprise Rental, LLC has the responsibility in this matter, may.be a question for review after consulting and conducting an indept [sic] examination of the State of Nevada and/or Oklahoma Insurance statutes and the Statutes that relates [sic] to coverage for rental cars that are rented in and from their respective states.” Attached to the plaintiffs brief is (1) a copy of the district court judgment of September 24,2015, granting the plaintiffs motion for devolutive appeal, (2) an affidavit by the plaintiff stating that Dr. Munshi told him that the injuries he incurred in the 1996 Entergy accident were exacerbated by the 2014 accident; (3) a “Statement of Jurisdiction” asserting that this court has jurisdiction to review the , district judgment “rendered on or about September 16, 2015”; (4) and a brief arguing that this appeal is not properly before court because his motion for new trial is pending in the district court, that the appeal was improper because he, did not “receive” a final judgment “regarding Enterprise Rental and EAN Holding,” that that a remand is necessary to resolve all. of issues raised against EAN in his amended and supplemental petition.
The plaintiff clearly misapprehends summary judgment and appellate procedure. The shifting burdens of summary *652 are clearly laid out in La,Code Civ. Proc. art. 966. Once, as 'in this case, the defendant (EAN) points out that there is no genuine issue of liability meriting a trial, the plaintiff must come forward to show a factual dispute on that issue. Whether the judgment in the 1996 Entergy case was res judicata is irrelevant as to EAN’s liability exposure in this case. Moreover, on de novo review of a motion for summary judgment, this court may consider only evidence put before the district court, such that even were Dr. Munshi’s opinion pertaining to Entergy’s liability properly offered and relevant as to the issue, we could not consider it on appeal because it was not before the | ^district court. Accordingly, because the plaintiff failed to sustain his burden on summary judgment to produce evidence indicating that a genuine issue of material fact exists, we find that EAN is entitled to summary judgment as a matter of law.
Finally, the plaintiffs assertion that a motion for a new trial is pending in the district court and, thus, we have no jurisdiction in this matter is erroneous. The plaintiff filed alternative motions for a new trial and appeal. The district court judgment granted the timely-filed motion for a devolutive appeal, effectively mooting the plaintiffs alternative motion for a new trial. The plaintiffs appeal from the summary judgment rendered in favor of EAN is properly before us.

Sánctíons for Frivolous Appeal

The defendants argue that sanctions should be imposed on the plaintiff for filing this frivolous appeal. Although there is some merit in this request, appeals are always favored, Hampton v. Greenfield, 618 So.2d 859 (La.1993), and this court generally refrains from awarding damages for frivolous appeals against pro-se litigants. However, although we decline to impose sanctions at this time, it should be noted (and the plaintiff forewarned) that filing pro se offers a party neither an • impenetrable shield nor a license to harass others, clog the judicial machinery with., meritless litigation, or abuse already overloaded court’ dockets. Id.

Conclusion

The district court judgments granting summary judgment in favor of EAN and granting Entergy’s exceptions are affirmed.
AFFIRMED.

. The district court granted summary judgment in favor of the "defendants collectively referred to as Enterprise, including but-not limited to EAN Holdings, LLC, “EAN Holdings and/or Enterprise Rental, LLC, Enterprise Car Rental Company Enterprise Rental Car Company”