| | | |
|---|---|---|
| **MICHAEL L. ECKSTEIN** | * | **NO. 2019-CA-0720** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **STEVEN A. BECNEL** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2002-02069 C\W 2002-02253, 2003-06270, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

*LEDET, J., CONCURRING*

Henry Minor Pipes, III
Patrick J. Lorio
PIPES MILES BECKMAN, L.L.C.
1100 Poydras Street, Suite 1800
New Orleans, LA 70163

     COUNSEL FOR PLAINTIFF/APPELLEE

Paul E. Bullington
Guy E. Wall
Jonathan R. Cook
Sara M. Lewis
WALL, BULLINGTON & COOK, L.L.C.
540 Elmwood Park Boulevard
Harahan, LA 70123

Megan C. Kiefer
Ignatz Gerard Kiefer, Jr.
KIEFER & KIEFER
2310 Metairie Road
Metairie, LA 70001

     COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**JUNE 3, 2020**

This appeal arises from a judgment awarding attorney's fees pursuant to a fee provision of a settlement agreement. Defendants/appellants Steven A. Becnel and Stratus Systems, Inc. (collectively, "Becnel") appeal a March 15, 2019 judgment granting a motion to set attorney's fees, and an April 24 2019 judgment ordering Becnel to pay $48,818.79 in attorney's' fees to plaintiffs/appellees Michael L. Eckstein; Constance I Partnership, L.L.P.; Eckstein Law Firm, a Professional Law Corporation; and Stratus Realty, L.L.C. (collectively, "Eckstein"). For the reasons that follow, we affirm the trial court's judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Michael Eckstein and Steven Becnel formed a company, Stratus Systems, Inc. ("Stratus"), to sell safety inventions to the United States military. Beginning in 1997, disputes arose between the parties as to the percentage of Eckstein's ownership interest in Stratus, the fees Eckstein claimed he was owed for legal work, and whether Eckstein had breached any ethical and fiduciary duties to Stratus. Both parties filed suit. To resolve their disputes, in August 2005, Becnel

1

and Eckstein entered into a Settlement Agreement, a License Agreement, a Product Transfer Agreement, and a Consent Judgment (collectively, the "Settlement Agreement"). Section 25 of the Settlement Agreement provided for attorney's fees to the prevailing party in the event of a breach of the agreement:

> If any party institutes legal action to enforce or interpret the terms and conditions of this Agreement, the prevailing party shall be awarded reasonable attorneys' fees at all trial and appellate levels, and the expenses and costs incurred by such prevailing party in connection therewith.

In February 2016, Eckstein filed a Motion to Enforce Settlement Agreement and Consent Judgment ("Motion to Enforce Settlement"). Eckstein alleged that Becnel had violated the terms of the Settlement Agreement. Eckstein sought, *inter alia*, an audit of Becnel's financial records; an *in camera* inspection of sales documents, and an award of attorney's fees associated with filing the Motion to Enforce Settlement. Eckstein also filed a Motion for Declaratory relief seeking to enforce the terms of the Settlement Agreement governing his rights to royalties for a ten year period. Becnel opposed the motions, and also sought attorney's fees and costs as the prevailing party pursuant to Section 25 of the Settlement Agreement.

On September 23, 2016 and May 19, 2017, the trial court held hearings on Eckstein's two motions. In a judgment signed on July 20, 2017, the trial court ruled in favor of Eckstein, ordering an audit of Becnel's financial records, an *in camera* inspection of sales documents, the production of updated deliverables to Eckstein, and a declaration that royalties owed by Becnel to Eckstein ran through March 14, 2021. The trial court's July 20, 2017 judgment did not address the parties' requests for attorney's fees. The trial court stated in the judgment that it was "final as it disposes of all issues before the Court."

Becnel appealed the trial court's July 20, 2017 judgment to this Court. One of Becnel's assignments of error was that the trial court erred in not awarding Becnel attorney's fees, expenses, and costs. Eckstein did not appeal or file an answer to appeal seeking attorney's fees. On June 27, 2018, this Court rendered an opinion affirming the July 20, 2017 judgment in favor of Eckstein. *Eckstein v. Becnel*, 17-0868 (La. App. 4 Cir. 6/27/18), 250 So.3d 1046. In the opinion, the Court denied Becnel's request for attorney's fees because Becnel was not the prevailing party. *Id.*, p. 20, 250 So.3d at 1059. The Court refused to consider an award of attorney's fees to Eckstein because, even though he was the prevailing party, he did not appeal or file an answer to Becnel's appeal. *Id.*, p. 20, 250 So.3d at 1059 n.16.

On November 5, 2018, the Supreme Court denied Becnel's application for writ of *certiorari*. *Eckstein v. Becnel*, 18-1275 (La. 11/5/18), 255 So.3d 1054. Shortly thereafter, Eckstein made demand upon Becnel for payment of attorney's fees as the prevailing party. Becnel refused.

On December 18, 2018, Eckstein filed a Motion to Set Attorney's Fees pursuant to Section 25 of the Settlement Agreement. Becnel filed a memorandum in opposition to Eckstein's motion, arguing that Eckstein was barred by res judicata from recovering attorney's fees, expenses, and costs. On March 1, 2019, the trial court held a hearing on Eckstein's Motion to Set Attorney's Fees. On March 15, 2019, the trial granted the motion, and ordered the parties to appear for a reasonableness hearing on the requested fees.

On April 12, 2019, the trial court conducted a reasonableness hearing on the amount of attorney's fees to be awarded to Eckstein. On April 24, 2019, the trial court signed a judgment ordering Becnel to pay Eckstein the sum of $48,818.79,

representing fees accumulated through February 25, 2019. The court also reserved Eckstein's right to assert a claim for attorney's fees incurred after that date.

In July 2019, Becnel appealed the trial court's March 15, 2019 judgment granting Eckstein's Motion to Set Attorney's Fees, as well as its April 24, 2019 judgment awarding Eckstein $48,818.79 in fees.[1]

## DISCUSSION

**Standard of Review**

"We review factual issues relating to an exception of res judicata on a manifest error/clearly wrong basis; however, we review legal issues relating to res judicata under a *de novo* standard of review." *Countrywide Home Loans Serv., LP v. Thomas*, 12-1304, p. 3 (La. App. 4 Cir. 3/20/13), 113 So.3d 355, 357 (citing *Sutter v. Dane Inv., Inc.*, 07-1268, p. 3 (La. App. 4 Cir. 6/4/08), 985 So.2d 1263, 1265).

In the sole assignment of error, Becnel contends that the trial court erred as a matter of law in granting Eckstein's Motion to Set Attorney's Fees because that claim is barred by res judicata.

According to Becnel, it is undisputed that Eckstein sought attorney's fees from the trial court in his 2016 Motion to Enforce Settlement Agreement. Becnel points out that the trial court, in granting the motion, did not rule on Eckstein's request for attorney's fees. Becnel contends that silence in the judgment is deemed a rejection of the claim. Becnel also notes that in the July 20, 2017 judgment, the trial court stated "this judgment is final as it disposes of all issues before the Court." Thus, Becnel argues, the trial court should have denied Eckstein's Motion

---

[1] Becnel filed an application for supervisory writ in this Court, seeking reversal of the March 15, 2019 judgment. The Court denied the writ application. *Eckstein v. Becnel*, 19-0354 (La. App. 4 Cir. July 2, 2019).

4

to Set Attorney's Fees as barred by res judicata because this Court's June 27, 2018 judgment rejecting his claim for attorney's fees became final and definitive after the Louisiana Supreme Court denied writs.

Eckstein contends that his claim for attorney's fees is not barred by res judicata because that issue was never actually litigated under La. R.S. 13:4231(3):

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: . . . (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to the judgment.

Thus, "[a] final judgment is 'res judicata only as to those issues presented in the pleading and conclusively adjudicated by the court.'" *Joseph v. Hartford Ins.*, 15-1218, p. 4 (La. App. 4 Cir. 4/6/16), 191 So.3d 647, 650 (quoting *Ins. Co. of North Am. v. Louisiana Power & Light*, 08-1315, p. 6 (La. App. 4 Cir. 3/4/09), 10 So.3d 264, 268).

According to Eckstein, the parties never actually litigated the issue of attorney's fees and costs in connection with Eckstein's 2016 Motion to Enforce Settlement Agreement, and the issue of attorney's fees was not essential to the July 20, 2017 judgment.

To support his assertion that attorney's fees were not litigated or decided prior to March 2019, Eckstein refers to the transcript of the March 1, 2019 hearing on his Motion to Set Attorney's Fees, in which the trial court stated that, as a matter of "custom" and "policy":

> [t]his particular court doesn't award attorney's fees until it's determined that the ruling is correct. . . . The Court did not rule on the issue of attorney's fees [in the July 2017 judgment] because the Court was not of a mind to do that until the matter was resolved. It has now reached the point of resolution, [and] I think that based upon the

authority and based upon the agreement, attorney's fees can be awarded.

Eckstein argues that briefing and arguing the issue of attorney's fees in connection with the 2016 Motion to Enforce Settlement and Motion for Declaratory Relief would have been premature because entitlement to attorney's fees could not be determined until there was a final decision on the merits, which occurred when the Supreme court denied Becnel's application for writ of *certiorari* in November 2018. "If an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiorari." La. C.C.P. art. 2166(E).

We agree with Eckstein that the issue of attorney's fees was not conclusively adjudicated, as required for res judicata to apply. Indeed, the issue could not have been litigated and decided in 2017 because Section 25 of the Settlement Agreement permits an award of attorney's fees only to the prevailing party, and Eckstein was not the prevailing party until November 2018. Thus, any award of attorney's fees in the July 2017 judgment would have been premature. *See Megatrend Telecomm., Inc. v. Rees Marine, Inc.*, 95-1084, p. 4 (La. App. 5 Cir. 4/16/96), 673 So.2d 1098, 1100 (trial court erred in awarding attorney's fees and costs prior to the termination of the litigation and determination of which party was the prevailing party); *Freeman v. Freeman*, 95-179, p. 6 (La. App. 5 Cir. 7/25/95), 659 So.2d 826, 830 (award of attorney's fees is premature until court decides who is prevailing party); *Muhammad v. Babin*, 17-548, pp. 13-14 (La. App. 5 Cir. 3/13/18), 241 So.3d 1231, 1240 (attorney's fees are premature until trial court determines plaintiff's entitlement by prevailing in suit).

The July 2017 judgment is silent on the issue of attorney's fees. The trial court explained its reasons for not ruling on the issue. The issue of Eckstein's attorney's fees, therefore, was not "actually litigated and decided." *See Interdiction of Hunter*, 18-0685, p. 2 (La. App. 4 Cir. 12/19/18), -- So.3d --, *4, *writ denied*, 19-0208 (La. 4/8/19), 267 So.3d 608. We conclude, therefore, that the trial court's award of attorney's fees to Eckstein in 2019 was not barred by res judicata.

## CONCLUSION

Based on the foregoing, the trial court's March 15, 2019 judgment granting Eckstein's Motion to Set Attorney's Fees, as well as its April 24, 2019 judgment awarding Eckstein $48,818.79 in fees, are affirmed.

## AFFIRMED