REDMANN, Judge.
Plaintiff appeals from a judgment dismissing on the merits its suit for contractually-stipulated damages for breach of a contract.
Under the contract defendant agreed that during its ten-year term “no coin operated *399 music boxes or other commercial music system, nor other legal coin boxes or other commercial music systems, nor other legal coin operated amusement devices will be installed or operated at [defendant’s] premises except such as are installed and operated by you [plaintiff] or by such other party designated by you.”
Plaintiff agreed to “install, operate and maintain on said premises one or more coin operated music devices, and/or one or more legal coin operated amusement devices with the number and type of such being within your [plaintiff’s] sole discretion and at your option.”
The contract stipulated a division of the proceeds from the machines, and further provided:
“In event of any breach of this agreement, in addition to any other remedy which you may have, your company may elect to terminate this agreement and remove all such equipment without interference from said location and shall be entitled to liquidated damages in a sum equal to your company’s average weekly share of the coin boxes prior to said breach multiplied by the number of weeks remaining in the unexpired term of this agreement.”
There were other provisions unnecessary to recite here in our view of the case.
The evidence shows that defendant caused the removal of the machines seven weeks after the date of the contract (although defendant denies the contract date). Plaintiff sought the “liquidated damages” of its average weekly proceeds-share of $38.85 for each week of the remainder of the ten-year contract, said to amount to $20,430.00. (By amending petition filed after trial plaintiff voluntarily reduced its demand to $6,060.20, although the evidence supports the $38.85 weekly figures.)
We note that the “liquidated damages” may not be such. Plaintiff had costs of operation, such as providing phonograph records, maintenance and depreciation of its machines which presumably would not have been covered by the $10 weekly service charge. Furthermore, the proceeds from performance were receivable over a ten-year period and thus worth much less than the entire gross proceeds payable at once. If the service charge truly covered only service, the “liquidated damages” clause is rather a provision for a penalty far in excess of conceivable actual damages.
More importantly, it seems altogether improbable that the performance promised by plaintiff was what defendant bargained for, the motive or cause of defendant’s obligation, LSA-C.C. art. 1896. Presumably defendant either definitely wanted a music box; or he definitely wanted an amusement device; or he definitely wanted both. Plaintiff promised nothing definite, and defendant could not have exacted any definite machine nor even any definite kind of machine. C.C. art. 1886 requires an obligation to have “for its object something determinate, at least as to its species.”
Planiol observes in his Civil Law Treatise (La.Law Inst, trans.), II § 1001,
“The obligatory relationship is not formed when the object of the obligation is not determined.
“If the indefiniteness bears on the nature of the object, one does not know what thing or what fact can be demanded of the debtor. He who promised ‘an animal’ in reality has not promised at all, since he can free himself by furnishing to his creditor an insignificant insect. If the indefiniteness relates to the quantity, the thing being specified in its kind, the debtor again can liberate himself by offering a derisive performance: if he has promised grain or wine, without further precision, his obligation can reduce itself to a sip of wine or a grain of wheat, and the credit would be a sham.”
Yet C.C. art. 2066 does authorize “alternative” obligations, and it may be said that plaintiff obliged itself to provide one *400 or more music boxes or, alternatively, one or more amusement devices or, further alternatively, one or more of both machines.
Still a derisive performance, as Planiol names it, • arguably might fill defendant’s bar with music boxes and pinball machines, at plaintiff’s “sole discretion and at [its] option.” Or it might consist of one 12-record 78 r. p. m. 1930 vintage juke-box, or some trifling “amusement device”.
Thus although, as plaintiff argues, plaintiff may not have been free to perform or not perform under a potestative condition depending “solely on the exercise of the obligor’s will”, C.C. art. 2035, nevertheless both the quality and the quantity of the object of plaintiff’s obligation was, in our opinion, too indeterminate to meet the requirement of C.C. art. 1886, and therefore defendant’s obligation was unenforceable because without cause, C.C. art. 1893.
We might add that, because of the absence of any obligation on plaintiff to supply the very machines that had produced $38.85 weekly, even if defendant could be said to have had as his motivating cause only to have some indefinite kind of machine (and plaintiff did oblige itself to that) the proper measure of damages would be loss of proceeds from a minimum performance (the least productive machine) plaintiff might have provided. The so-called liquidated damages, obviously far in excess of hoped-for profit from a voluntarily maximum performance, are so far out of proportion to the only real obligation of plaintiff as to invoke C.C. art. 2464’s serious and proportionate consideration requirement, applicable generally to all contracts, Blanchard v. Haber, 166 La. 1014, 118 So. 117 (1928). The liquidated damages clause would be unenforceable even if the contract were otherwise valid.
We have not previously mentioned the circumstance that the contract recites a $500 loan by plaintiff to defendant, represented by a promissory note, as further consideration for the contract. In fact no note was executed. A $500 check was given to and cashed for defendant, but defendant disputes the purpose of the check. If it were a loan (a question not before us), even interest free, its value at maximum legal interest would have been $40 a year, which we consider insufficient as serious and proportionate consideration for an obligation to pay over $20,000 of “liquidated damages.”
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.