MAX N. TOBIAS, JR., Judge.
|TIn this appeal, the plaintiff/appellant, Helen McKamey, seeks review of the trial court judgment granting the exceptions of no cause of action and res judicata filed by the defendants/appellees, New Orleans Public Facility Management, Inc., Ernest N. Morial New Orleans Exhibition Hall Authority, and Travelers Indemnity Company. For the following reasons, we affirm.
I.
Helen McKamey (“McKamey”) filed a petition for damages on 26 March 2008 alleging that she sustained injuries on 27 March 2007 while carrying items from an exhibition hall to her vehicle when she tripped over carpet which had been partially rolled-up. She alleged that the ven *224 dors in the hall were still breaking down their booths from a convention which had just ended at the time of her accident. She alleged that the New Orleans Public Facility Management, Inc. (“NOPFM”) and Ernest N. Morial New Orleans Exhibition Hall Authority (“MNOEHA”) were responsible for the exhibition hall and accordingly her damages.
Citation and service were made upon NOPFM and MNOEHA; they filed an answer and discovery commenced. Subsequently, NOPFM and MNOEHA filed a | ¡motion for summary judgment. The court held a hearing on the motion for summary judgment on 1 July 2011. However, on 30 June 2011, McKamey obtained leave of court and did in fact file a first supplemental and amending petition naming four additional defendants and made further allegations against NOPFM and MNOEHA. During the hearing, McKa-mey’s counsel indicated that a first supplemental and amending petition had been filed the previous day, but had not yet been served upon the defendants. The trial court (a) granted the motion for summary judgment, dismissing the original petition against NOPFM and MNOEHA with prejudice, and (b) preserved the right of McKamey to proceed on the first supplemental and amending petition; the court commemorated its ruling by a judgment dated 18 July 2011.[1] No appeal was taken from that judgment.
The first supplemental and amending petition added as defendants the American College of Cardiology (“ACC”), Global Experience Specialists, Inc. (“GES”), “Travelers Indemnity Insurance Company”[2] (“Travelers”), and Greenwich Indemnity Insurance Company (“GIIC”). Further, McKamey asserted an additional cause of action (discussed infra) against NOPFM and MNOEHA in the supplementation/amendment, alleging that:
As the petitioner placed the defendant facility management on notice of her accident and claim immediately after it occurred, and as these newly named defendants were known by lessor FACILITY MANAGEMENT [NOPFM] to have leased these premises and to have via contract in that lease to have indemnified that lessor for claims such as your petitioner’s here, your petitioner HELEN McKAMEY asserts here that timely and proper notice of this claim and her losses were made to all defendants, and that the ^recent addition of these newly named defendants are not to be seen as untimely. Further, in the event that the naming of these defendants are deemed untimely, then original defendant FACILITY MANAGEMENT should properly be held liable for all losses and damages due the petitioner herein, for their failure to properly notice the additional defendants of the petitioner’s claims while in their knowledge of the additional defendants being contractually liable in providing indemnity herein.
Collectively, NOPFM, MNOEHA, and Travelers filed exceptions of no cause of action and res judicata. After a hearing, the trial court granted the exceptions of no cause of action and res judicata and dismissed NOPFM, MNOEHA, and Travelers from the suit with prejudice by judgment signed on 2 December 2011.
McKamey timely filed the instant appeal of that December judgment.
*225 II.
On appeal, McKamey asserts three errors.
A.
We first discuss McKamey’s argument that the court erred in granting the exception of res judicata.
Our standard of review of an exception of res judicata[3] is whether the trial court’s decision is legally correct or incorrect. Myers v. National Union Fire Ins., 09-1517, p. 5 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210, citing Ins. Co. of North America v. Louisiana Power & Light, 08-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267. The doctrine of res judicata is stricti juris and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application. Id., citing Ins. Co. of North America, 08-1315, p. 7, 10 So.3d at 268.
Five elements must be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chevron USA, Inc. v. State, 07-2469, p. 10 (La.9/8/08), 993 So.2d 187, 194; Myers, 09-1517, p. 6, 43 So.3d at 211.
McKamey argues that the newly asserted claim against NOPFM and MNOEHA (and ergo Travelers) did not exist prior to the time of the filing of the first supplemental and amending petition. Thus she concludes that the exception of res judica-ta was improperly granted by the trial court. McKamey cites no statutory law or jurisprudence in support of her argument.
No dispute exists that the 18 July 2011 judgment granting the motion for summary judgment was a final appealable judgment and that two of the parties (NOPFM and MNOEHA) are the same in both the original petition and the first supplemental and amending petition. Additionally, the causes of action asserted in |fithe first supplemental and amending petition arise out of the transaction or occurrence that is the subject matter of the original petition.[4] What is contested is whether the new causes of action existed and were properly ruled upon at the time of the judgment granting NOPFM’s and MNOEHA’s motion for summary judgment.
The judgment granting the motion for summary judgment was signed on 18 July 2011. We acknowledge that the alleged *226 additional causes of action existed at the time of the ruling upon and rendition of that final judgment. The 18 July 2011 judgment granting the motion for summary judgment, by its literal language, can be read to have dismissed the alleged new causes of action asserted against NOPFM and MNOEHA in the first supplemental and amending petition when the trial court dismissed McKamey’s claims against NOPFM and MNOEHA with prejudice. La. R.S. 13:4231.
However, the issue in the motion for summary judgment was whether McKa-mey could recover from NOPFM and MNOEHA in light of the lease and indemnity agreement between NOPFM and ACC and GES. The motion for summary judgment did not address McKamey’s new assertions filed the day before the hearing on the motion that she sustained damages because NOPFM and MNOEHA did not disclose the identities of the other co-defendants.
We do not read the 18 July 2011 judgment as dismissing McKamey’s claims for the new allegations first asserted on 30 June 2011. Rather, the first amending and supplemental petition converted NOPFM’s and MNOEHA’s motion for summary judgment into a motion for partial summary judgment. Therefore, we understand the judgment to have extinguished all of McKamey’s claims against RNOPFM and MNOEHA, except the claim that she sustained damages because NOPFM and MNOEHA did not disclose the identities of the other co-defendants.
Rather than provide a further analysis of res judicata under La. R.S. 13:4231 and La. 13:4232 as applied to the facts of this case, we find our discussion of the trial court’s granting of the exception of no cause of action, discussed immediately below, resolves all issues simply and completely.
B.
Secondly, McKamey argued that the trial court erred in granting the exception of no cause of action. We review the matter using a de novo standard. R-Plex Enterprises, L.L.C. v. Desvignes, 10-1337, p. 5 (La.App. 4 Cir. 2/9/11), 61 So.3d 37, 40. The exception of no cause of action tests the legal sufficiency of a petition by examining whether, based upon the facts alleged within the four corners of the petition, the law affords the plaintiff a remedy. La. C.C.P. art. 927 A; see also Meckstroth v. Louisiana Dept. of Transp. and Development, 07-0236, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235-36 (La.1993).
McKamey asserted that her first supplemental and amending petition stated new, separate causes of action against NOPFM and MNOEHA. We disagree. In the supplemental and amending petition, McKamey stated that she learned during discovery that ACC leased the facility from NOPFM and MNOEHA and contractually assumed liability for the facility where she sustained injuries. ACC hired GES to place carpeting in the exhibition area. The supplemental and amending petition concluded that in the event the claims against the ACC, GES, Travelers, and GIIC were deemed untimely, NOPFM and MNOEHA should be held liable for any losses she sustains as a result of their failing to provide notice of |7her accident to ACC and/or GES. Further, McKamey asserted that NOPFM and MNOEHA should be liable for failing to provide her with the identity of these other defendants, despite her earlier request that they do so.
McKamey cites no statutory or jurisprudence authority in support of her argu *227 ment that a cause of action exists for failure to notify or identify co-defendants of a pending action, and/or failure to notify a plaintiff of the existence of any co-defendants. McKamey’s supplemental and amending petition merely concluded that in the event the claims against ACC, GES, Travelers, and GIIC were dismissed, then NOPFM and MNOEHA (and concomitantly Travelers) should be held liable for their failure to notify her of the existence of these other defendants. Our review of the statutory law, jurisprudence, and the record in this case reveals that a plaintiff has no cause of action against a defendant for that defendant’s failure to notify his co-defendant of a pending action, and/or notify the plaintiff of the existence of any co-defendants unless required to do so in formal discovery.
In her brief, McKamey cites to a 26 June 2007 letter to NOPFM and MNO-EHA as proof that she requested that they provide her with the identities of any other potential defendants. However, at a hearing on an exception of no cause of action, no evidence (save the petition) may be introduced to prove that the petition fails to state a cause of action. La. C.C.P. art. 931. The supplemental and amending petition lacks any mention of this letter. McKamey failed to attach the letter to the petition. See La. C.C.P. art. 858. Thus, we will not consider the 26 June 2007 letter for the purpose of the exception of no cause of action. Further the letter is not in the proper form of discovery under La. C.C.P. art. 1421 which states:
| ¡¿Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; request for release of medical records; and requests for admission. Unless the court orders otherwise under Article 1426, the frequency of use of these methods is not limited.
Furthermore, the supplemental and amending petition fails to assert any facts regarding the alleged cause of action of failure to notify co-defendants. The supplemental and amending petition merely concluded that in the event the claims against ACC, GES, Travelers, and GIIC are dismissed, then NOPFM and MNO-EHA should be held liable for the failure to notify the plaintiff of the existence of the co-defendants. “The petition must set forth the material facts upon which a cause of action is based; the allegations must be ultimate facts; conclusions of law or fact, and evidentiary facts will not be considered.” Sparks v. Donovan, 04-0388, p. 4 (La.App. 4 Cir. 10/13/04), 884 So.2d 1276, 1279, citing Parish of Jefferson v. City of Kenner, 95-266, p. 1 (La.App. 5 Cir. 10/31/95), 663 So.2d 880, 881. The supplemental and amending petition sets forth conclusions of fact which will not be considered.
On the face of the first supplemental and amending petition, McKamey is not entitled to the relief sought. A cause of action for failure to notify or identify co-defendants does not exist under the facts in this case. McKamey has produced no evidence of the existence of any proper discovery propounded to NOPFM, MNO-EHA, and/or Travelers pursuant to La. C.C.P. art. 1421 addressing the names of other potential defendants. Moreover, an affidavit with attachments (including the NOPFM and MNOEHA lease to ACC) dated 28 April 2011 attached to |9NOPFM’s and MNOEHA’s motion for summary judgment filed on 4 May 2011 and served upon McKamey through her counsel of record on 16 June 2011 clearly discloses the existence of other parties.
*228 We find that the first supplemental and amending petition of 30 June 2011 under the facts of this case does not state a cause of action against NOPFM, MNOEHA, and Travelers.
C.
Lastly, McKamey asserts that the trial court erred in dismissing her action with prejudice. McKamey neglected to brief this assignment of error. We therefore may consider this assignment of error as abandoned. Uniform Rules — Louisiana Cts. of App., Rule 2-12.4. However, we recognize an argument may exist under La. C.C.P. art. 2129 that we should consider the issue raised even in the absence of briefing on the matter.
Even if we considered the assignment of error, we can envision no facts, even considering the excluded 27 June 2010 letter (that is not in proper form to constitute discovery) when read together with the law that McKamey might recite to create a cause of action for her against NOPFM and MNOEHA for failing to advise her of the name of potential co-defendants. Certainly if such properly propounded discovery existed, McKamey would have attached same to her opposition to the 4 May 2011 motion for summary judgment in lieu of or in addition to that letter; the discovery documents would be the best evidence of the matter, and if the discovery on the issue had been propounded and not answered, then our Code of Civil Procedure addresses procedures and remedies related |inthereto. We decline to expand the law beyond that which the legislature has provided.
III.
Accordingly, we affirm the trial court’s judgment.
AFFIRMED.
LOBRANO, J., dissents.

. Notice of judgment was issued on 22 July 2011.

. The correct name of the company is Travelers Indemnity Company. Travelers provided insurance coverage to NOPFM and MNO-EHA.

. The doctrine of res judicata in Louisiana is set forth in La. R.S. 13:4231, which provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

. Cf„ La. C.C.P. art. 1061 B.