MAX N. TOBIAS, JR., Judge.
_JjThe plaintiff/appellant, Helen McKa-mey, appeals a judgment that granted a peremptory exception of prescription filed by the defendants/appellees, Global Experience Specialists, Inc. (“GES”); GES’s insurer, Greenwich Indemnity Insurance Company (“Greenwich”); American College of Cardiology (“ACC”); New Orleans Public Facility Management, Inc. (“NOPFM”); Ernest N. Morial New Orleans Exhibition Hall Authority (“ENM-EHA”); and Travelers Indemnity Company (“Travelers”), the insurer of the latter two entities. After reviewing the record and applicable law, we affirm the judgment.
This action was initiated on 26 March 2008 when Ms. McKamey filed suit against NOPFM and ENMEHA alleging they were liable to her for her injuries sustained on 26 March 2007, when she allegedly tripped and fell over carpet that had been rolled up and left on the floor of the Ernest N. Morial Convention Center during the dismantling of an exhibition. On 7 May 2009, NOPFM and ENMEHA filed an answer. Thereafter, they filed a motion for summary judgment on 4 May 2011, which was heard on 1 July 2011. At the conclusion of the hearing, the trial | acourt granted the summary judgment, and they were dismissed from the action with prejudice. No appeal was taken from their dismissal; however, one day before the hearing, the plaintiff filed a first amended petition, alleging additional claims against NOPFM and ENMEHA and adding new parties (GES, Greenwich, and ACC) to the action. Exceptions were filed to this amended complaint on behalf of NOPFM, ENMEHA, and Travelers; the amended complaint against them was dismissed, from which Ms. McKamey appealed.
By judgment dated 19 September 2012, this court affirmed the trial court’s rulings on the exceptions of no cause of action and res judicata. See McKamey v. New Orleans Public Facility Management, Inc., 12-0716 (La.App. 4 Cir. 9/19/12), 102 So.3d 222. Therefore, all causes of action against NOPFM, ENMEHA, and Travelers were dismissed. The new parties had neither been served nor appeared at the time of the hearing of the original motion for summary judgment.
Ms. McKamey then filed a second amended petition against NOPFM and *1235 ENMEHA, as well as against GES, Greenwich, and ACC. Service was made on only GES and Greenwich. To join issue and get this matter resolved, ACC waived service and filed an answer and exceptions; GES and Greenwich also filed exceptions to the second amending petition.[1] At the hearing on the exceptions, the court and the parties agreed any ruling should be deferred until this court ruled on the appeal filed by Ms. McKamey. Following our affirmation, the exceptions were Isheard and granted with the remaining defendants being dismissed with prejudice. Ms. McKamey now appeals from this judgment.
The basis of the plaintiffs appeal is that the later-named parties are solidarity liable with the timely-named defendants. However, solidary liability no longer exists in Louisiana. The Louisiana Legislature amended both La. C.C. art. 2323 and 2324(B) by 1996 La. Acts. No. 3, part of the Tort Reform Act. The 1996 amendment to La. C.C. art. 2324(B) changed the law, providing that in applicable cases, liability among tortfeasors shall be joint and divisible, not solidary. This was the law in effect at the time of McKamey’s accident.
Suit was originally brought against NOPFM and ENMEHA exactly one year following the accident. The first amended petition added GES, ACC, and Travelers, and asserted a new cause of action against the original parties for “failure to properly notice [sic] the additional defendants of the petitioner’s claims.” The amended petition was filed on 30 June 2011, one day before the hearing on the motion for summary judgment filed by NOPFM and ENMEHA; the original claims against these two parties were dismissed with prejudice on 18 July 2011. No appeal was taken from that judgment, and it is final. NOPFM and ENMEHA were dismissed before service of citation was made on the additional parties.
In Renfroe v. State Department of Transp. and Development, 01-1646, p. 4 (La.2/26/02), 809 So.2d 947, 950, the Court stated:
|4Pelictual actions are subject to a li-berative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492.
[[Image here]]
Under La. C.C. art. 3462, prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. Further, the interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. The same principle is applicable to joint tortfeasors. La. C.C. art. 2324C. However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). Because the timely sued defendant ... was dismissed from the suit, prescription against [the remaining defendants] is not interrupted and plaintiffs suit against them has prescribed, unless some other basis to revive this suit is found. [Emphasis supplied.]
*1236 In the instant matter, NOPFM and ENMEHA were timely sued but ultimately found not to be liable to Ms. McKamey. Therefore, the additional parties, joined more than one year after the date of the accident, were not timely sued. The trial court was correct when it granted their exceptions of prescription.
The plaintiff also argues that the amending petitions adding the new parties after the one year had run relates back to the original timely-filed petition.
La. C.C.P. art. 1153 states:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In Hodges v. Republic Western Ins. Co., 05-0245 (La.App. 4 Cir. 12/14/05), 921 So.2d 175, 178, quoting Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983), this court outlined the criteria adopted by the Louisiana Supreme Court for [¡^determining whether an amendment that changes the identity of a defendant, will be allowed to relate back under La. C.C.P. art. 1153:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4)The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have prescribed.
First, we note that the plaintiff did not change the identity of the defendants; wholly new defendants were added well after one year had lapsed from the date of the alleged accident. No evidence exists that the plaintiff was barred or otherwise prevented from obtaining the names of all the parties within the one year following the accident. In addition, no relationship existed between the timely-sued defendants and those added after the prescriptive period had run. Thus, we also find that this argument has no merit.
Based on the foregoing, we affirm the judgment of the trial court dismissing with prejudice all named parties from this lawsuit based on prescription.
AFFIRMED.
LOBRANO, J., concurs with reasons.

. The exceptions that were filed by the defendants are not a part of the record. The record reflects that a peremptory exception of prescription was filed, but the "other exceptions” are unknown. Because the trial court discussed only the exception of prescription at the hearing, and this exception is the only issue presented by Ms. McKamey, we find that the "other exceptions” are not before us.