ROLAND L. BELSOME, Judge.
1!Appellant, Cynthia Wegmann, appeals a judgment of the Civil District Court for the Parish of Orleans .dismissing her Petition for Damages and granting appellee’s *238 Peremptory Exception of No Causes of Action. We affirm.

FACTS AND PROCEDURAL HISTORY

Ms. Wegmann and Mr. Gregory Tra-montin are former husband and wife, whose community property was partitioned in 1988. During their marriage, the parties started U.S. Agencies Insurance Co. (“U.S. Agencies”), which became part of the community owned by them. In 1994, Ms. Wegmann sued Mr. Tramontin alleging that he had made fraudulent representations to her regarding the value of U.S. Agencies.[1] Specifically, Ms. Weg-mann filed suit to rescind the sale of her interest in the property to Mr. Tramontin and, after a trial on the merits, she was awarded monetary damages. On appeal, however, it was found that Ms. Wegmann’s claims had prescribed, and her case was dismissed. See Tramontin v. Tramontin, 2004-2286 (La.App. 1 Cir. 12/22/05); 928 So.2d 29. That litigation is 12not the subject of the instant lawsuit; however, it is pertinent to the questions before this Court.
The issue before this Court arises out of an oral contract allegedly confected on April 18, 2010 between Ms. Wegmann and Mr. Tramontin. The agreement purportedly reached between the parties obligated Ms. Wegmann to willingly' support Mr. Tramontin in his pending divorce litigation in East Baton Rouge Parish with his then-wife, who is not a party to this action. In return, Mr. Tramontin was to “transfer to [Ms. Wegmann] the $3,000,000.00 to $5,000,000.00 for her ownership in U.S Agencies Insurance Co.,” the insurance company at dispute in the parties’ previous suit. Further, it was agreed that “the first portion of the $3,000,000.00 would be tendered to [Ms. Wegmann] after she sold the house she was living in,” and thereafter the “amounts remaining of the “$3,000,-000.00 to $5,000,000.00 would be tendered on an as needed basis.”
It is undisputed that Ms. Wegmann satisfied her obligations in the alleged contract by being “available to testify truthfully at [Mr. Tramontin’s] divorce litigation,” supporting him “in his divorce action by among other things attending some of the court hearings in Baton Rouge, Louisiana,” and selling her house. Additionally, Mr. Tramontin does not deny that he failed to provide Ms. Wegmann with the compensation for which she claims he contracted. Accordingly, Ms. Wegmann filed suit claiming that Mr. Tramontin is liable for “breach of contract and fraud,” seeking specific performance on the contract.[2]
| sIn response, Mr. Tramontin pled the exceptions of Prescription, Res Judicata, No Cause of Action, and Vagueness.[3] The trial court granted the exception of no *239 cause of action and dismissed Ms. Weg-mann’s petition with prejudice.

ASSIGNMENTS OF ERROR

Ms..Wegmann assigns two errors:
1. The signed judgment and the court’s oral reasons are inconsistent.
2. In granting the Exception of No Cause of Action, the trial court erred by not finding that Ms. Weg-mann and Mr. Tramontin perfected an enforceable, verbal contract. Alternatively, if the court correctly concluded the Petition did not properly state a cause of action, the court was obligated to provide Ms. Weg-mann sufficient time to properly state a cause of action.

STANDARD OF REVIEW

This court, reviews a trial court’s decision sustaining an exception of no cause of action de novo. McKamey v. New Orleans Public Facility Management, Inc., 2012-0716, p. 6 (La.App. 4 Cir. 9/19/12), 102 So.3d 222, 226, The exception of no cause of action tests the legal sufficiency of a petition by examining whether, based upon-the facts alleged within the four corners of the petition, the law affords the plaintiff a remedy. La. C.C.P. art. 927(A); see also Meckstroth v. Louisiana Dept. of Transp. and Development, 07-0236, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235-36 (La. 1993). Additionally, in the absence of a showing of | ¿manifest error or an abuse of discretion, a trial court’s finding that the grounds for an exception of no cause of action cannot be removed by amendment should not be disturbed on appeal. Whitney Nat. Bank v. Jeffers, 573 So.2d 1262, 1265 (La.App. 4th Cir.1991).

DISCUSSION

I. Assignment of Error Number I
First, Ms. Wegmann asserts that the trial court’s judgment was inconsistent with .the court’s oral reasons, in that the court’s comments from the bench suggested that the case was dismissed on the basis of prescription and res judicata, neither of which applies to her claims. This argument primarily focuses on statements made by the trial court during, a colloquy in which the trial court asked, “What is the consideration for this verbal contract that you’re alleging existed?” Unconvinced by the argument that Mr. Tramontin contracted based on a “moral obligation to give her the money,” the trial court retorted as follows:
Well, if the contract is based upon a moral consideration on the defendant’s part, -he’ll have to answer to a higher authority than me if he violates that. But for purposes of the law of the State of Louisiana I have to grant the Exception. It’s prescribed. It’s res judicata.
The trial court’s statement “It’s prescribed” refers to the prescribed debt (Ms. Wegmann’s share of U.S Agencies)upon.which Mr. Tramontin relied in asserting his exception of no cause of action. In full context, there is no conflict in the trial court’s judgment - and its comments from the bench. Even if there were, this Court has recognized that where there is a conflict between the judgment and its written reasons, the judgment controls. See Arbourgh v. Sweet Basil Bistro, Inc., 98-2218, p. 14 (La.App. 4 Cir. 5/19/99); 740 So.2d 186, 192, writ denied, 99-2942 | s(La. 12/17/99); 751 So.2d 883. The same reasoning applies where there is a conflict between a written judgment and oral reasons for judgment. Slaughter v. Bd. Of Sup’rs of S. Univ. & Agr. & Mech. Coll., 2010-1049, p. 37 (La.App. 1 Cir. 8/2/11); 76 So.3d 438, 459, writ denied, 2011-2110 *240 (La.1/13/12); 77 So.3d 970; see also Hebert v. Hebert, 351 So.2d 1199, 1200 (La.1977). Consequently, there is no merit to Ms. Wegmann’s first assignment of error,
II. Assignment of Error Number II

a) An oral contract to pay a prescribed debt is unenforceable. .

In her petition, Ms. Wegmann- alleged that the parties herein entered into a verbal contract whereby she agreed to “support [Mr. Tramontin]- in his pending divorce litigation in East Baton Rouge Parish; and, he-would transfer to'her the $3,000,000.00 to $5,000,000.00 for her ownership in U.S. Agencies Insurance Co.” However, on appeal, Ms. Wegmann claims that the purported contract at issue was not to pay said debt, but a contract to pay her ■ “a minimum of $3,000,000.00 if she would sell the home she was then living in and assist [Mr. Tramontin] in the pending litigation with his current wife.”
The long-settled jurisprudence in this state provides that “an admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it.” C.T. Traina, Inc. v. Sunshine Plaza, Inc., 2003-1003, p. 5 (La.12/3/03); 861 So.2d 156, 159. Ms. Wegmann’s petition is clear; the alleged verbal contract obligated Mr. Tramontin to pay her for her ownership interest in U.S. Agencies Insurance Co. The court’s oral reasons indicate that it granted-Mr. Tra-montin’s exception of no cause of action, in part, because an oral contract to pay a prescribed debt is unenforceable. As noted above, the First Circuit had previously ruled that Ms. Wegmann’s claim to payment for her ownership share of |fiU.S. Agencies had prescribed. Louisiana Civil Code article 1847 provides that “Parol evidence is inadmissible to establish ... a promise to pay a debt extinguished by prescription.” Therefore, a writing is required in order to prove a promise to pay a prescribed debt. It is uncontroverted that the contract alleged to have been confected by the parties herein was strictly verbal. Even if, as Ms. Wegmann claims, witnesses can corroborate the details of the contract, such evidence would not be admissible. See LA. CIVIL CODE art. 1847. Thus, the trial court properly granted the exception of no cause of action on this ground.

b) A contract for an undeterminable sum is unenforceable.

According to the Civil Code, “the quantity of a contractual object may be undetermined, provided it is determinable.” LA. CIVIL CODE art. 1973. Where an obligation is “too indeterminate” to meet the requirements of article 1973, the “obligation [is] unenforceable because it is without cause.” TAC Amusement Co. v. Henry, 238 So.2d 398, 400 (La.App. 4th Cir.1970). Again, Ms. Wegmann alleges that Mr. Tramontin agreed to pay her an amount within the range of $3,000,000.00 to $5,000,000.00. Further, the petition alleges that residual amounts-after “the first portion of the $3,000,000.00” was tendered upon the sale of Ms. Wegmann’s house, would be payable on an “as needed basis.” Nowhere in the record is there any indication of where in this $3,000,000.00 to $5,000,000.00 range the payments would fall, nor is it clear what constitutes an “as needed basis.” To-the extent that Ms. Wegmann defines the value of the contract as “the value of her ownership in U.S. Agencies,” such a claim would be barred for the reasons set forth above. For these reasons, the trial court properly recognized that Ms. Wegmann also failed to state a claim on the ground that the alleged contract was for an undeterminable sum and is thereby unenforceable.

*241
17c) A contract to pay a fact witness for testimony is void as against public policy.

The trial court also recognized that Ms. Wegmann failed to state a cause of action because a contract to pay a witness to testify is void as against public policy. Ms. Wegmann alleges that she verbally contracted to “willingly support [Mr. Tramontin] in his pending divorce litigation” and that she fulfilled this obligation by making herself “available to testify truthfully” and “attending some of the court hearings.” It has long been recognized that “a bargain to pay one who is amenable to process a further sum for attending as a witness is generally invalid” as against public policy. See 7 WILLI-STON ON CONTRACTS § 15:6 (4th ed.); see also Restatement (First) of Contracts § 552 (1932) (“A bargain to pay one who is subject to legal process, a sum for his attendance as a witness in addition to that fixed by law is illegal.”). That said, an agreement by an ordinary witness to testify is not, per se, contrary to public policy; but, when the witness “is to be paid more than his or her legal fees, or other elements occur which tend to show that his or her evidence may be improperly influenced, the contract is against public policy.” 17A C.J.S. CONTRACTS § 304.
Ms. Wegmann attempts to distinguish her obligation in that she did not seek compensation for testifying, but rather for appearing as a potential witness because her presence exerted pressure and leverage on Mr. Tramontin’s opponent. Regardless of how Ms. Wegmann characterizes the agreement on appeal, she does not deny that she both “was available to testify truthfully” and subject to legal process. Accordingly, Ms. Wegmann’s attempt to distinguish the nature of this agreement is fruitless. The trial court did not err in finding the alleged contract void as against public policy and, therefore, unenforceable. See, e.g., Williams v. Williams, 99-1101, p. 10 (La.App. 3 Cir. 4/12/00); 760 So.2d 469, 475, writ denied, 2000-1929 (La.10/27/00); 772 So.2d 123 (holding that a contract that is void as against public policy is unenforceable).
III. Assignment of Error Number III
Ms. Wegmann, alternatively, argues on appeal that even if the court correctly concluded that her petition did not state a cause of action, the court was obligated to provide her with time to amend her petition to properly state a cause of action. Louisiana Code of Civil Procedure article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed ... the action, claim, demand, issue, or theory shall be dismissed.
Accordingly, if the amendment is futile, there is no right to amend. See Massiha v. Beahm, 2007-0137 (La.App. 4 Cir. 8/15/07); 966 So.2d 87.
Here, Ms. Wegmann seeks to amend and redefine the contract as an oral contract to induce her to sell her house. Such an amendment would be futile given the fact she had judicially admitted the unenforceable terms of the alleged contract in her present pleadings. Moreover, regardless of how the terms of the contract are defined, the contract still obligates Mr. Tramontin to pay an uncertain sum. Because such an amendment would be futile, the trial court did not abuse its discretion in dismissing the petition with prejudice.

*242
J¡CONCLUSION

For the foregoing reasons, the trial court’s judgment dismissing Ms. Weg-mann’s Petition for Damages and granting appellee’s 1 Peremptory Exception of No Cause of Action is affirmed.
AFFIRMED

. Ms. Wegmann alleged that during the partition of their community property, Mr. Tra-montin fraudulently represented to her that the company had little or no value, paid her $25,000.00 for her share of the company, and subsequently sold the company for several million dollars. Ms. Wegmann contended that she was owed approximately $3,000,000.00 for the sale of company.

. The language in Ms. Wegmann’s current petition was unclear, and there has been some confusion amongst the parties (and the court below) as to whether or not Ms. Weg-mann is, again, asserting a fraud claim against Mr. Tramontin. That said, Ms. Weg-mann has clarified through briefing that the only claim at issue, here, is her oral contract claim.

.Pertinent to our review is only the exception of no cause of action, which was based on numerous grounds, including Louisiana's statute of frauds, Louisiana contract law requiring that contracts establish a determinable quantity, and the public policy that a contract to pay a fact witness for testimony is void.