Raul-Alejandro Ramos, 8400 Oleander Street, New Orleans, LA 70118, PRO SE PLAINTIFF/APPELLANT
Graham H. Williams, Jaimme' A. Collins, ADAMS AND REESE LLP, 701 Poydras Street, Suite 4500, New Orleans, LA 70139, COUNSEL FOR DEFENDANT/APPELLEE
(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown )
Judge Roland L. Belsome *918 The Plaintiff, Raul-Alejandro Ramos/Somar, L.L.C., seeks review of the trial court's judgment granting an exception of no cause of action in favor of the Defendant, Liberty Bank. For the following reasons, we affirm the trial court's judgment.
PROCEDURAL HISTORY
The Plaintiff filed a petition against the Defendant asserting numerous claims arising from an alleged breach of contract. In response, the Defendant filed exceptions of no cause of action and no right of action. After a hearing, the trial court granted the exception of no cause of action, denied the exception of no right of action as moot, and dismissed the case with prejudice. This appeal followed.
STANDARD OF REVIEW
This court reviews a trial court's decision sustaining an exception of no cause of action de novo. McKamey v. New Orleans Public Facility Management , Inc. , 12-0716, p. 6 (La. App. 4 Cir. 9/19/12), 102 So.3d 222, 226. The exception of no cause of action tests the legal sufficiency of a petition by examining whether, based upon the facts alleged within the four corners of the petition, the law affords the plaintiff a remedy. La. C.C.P. art. 927(A) ; see also Meckstroth v. Louisiana Dept. of Transp. and Dev. , 07-0236, p. 2 (La. App. 4 Cir. 6/27/07), 962 So.2d 490, 492 (citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc. , 616 So.2d 1234, 1235-36 (La. 1993) ). It is triable on the face of the petition, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Haskins v. Clary , 346 So.2d 193, 194 (La. 1977).
DISCUSSION
The issue presented for review is whether the Plaintiff's petition states a valid cause of action for breach of contract. In order to confect a valid contract, four elements are required: (1) the capacity to contract; (2) mutual consent; (3) a certain object; and (4) a lawful cause. In re Succession of Flanigan , 06-1402, p. 6 (La. App. 4 Cir. 6/13/07), 961 So.2d 541, 544 ; see also La. C.C. arts. 1918, 1927, 1966 and 1971. Consent of the parties is established through offer and acceptance. La. C.C. art. 1927. Thus, an enforceable contract requires a meeting of the minds. Read v. Willwoods Cmty. , 14-1475, p. 5 (La. 3/17/15), 165 So.3d 883, 887.
A review of the petition reveals that the Plaintiff and Liberty Bank began discussions concerning some of the Plaintiff's potential business ventures. Following those discussions, the Plaintiff drafted, signed and mailed a promissory note to the Defendant. The Defendant received the note in the mail without any further action. As a result, the Plaintiff alleges that the Defendant's silence after receiving the note created a contract.
In granting the no cause of action exception, the trial court found that a contractual relationship between the parties did not exist. We agree. The allegations of the Plaintiff's petition do not establish a meeting of the minds, through offer and acceptance, to create a contract between the Plaintiff and the Defendant. Accordingly, the Plaintiff has failed to sufficiently state a cause of action under any theory of law.
CONCLUSION
For these reasons, the trial court's judgment granting the Defendant's exception of no cause of action and dismissing the case with prejudice is affirmed.
AFFIRMED