WELLS FARGO BANK, N.A.,       \*       NO. 2019-CA-0392
AS TRUSTEE FOR OPTION
ONE MORTGAGE LOAN       \*       COURT OF APPEAL
TRUST 2000-C, ASSET-
BACKED CERTIFICATES,       \*       FOURTH CIRCUIT
SERIES 2000-C

                    \*       STATE OF LOUISIANA
VERSUS
                    \*
TRACIE WASHINGTON
                    \*

          \* \* \* \* \* \* \*

**DYSART, J., DISSENTS, WITH REASONS.**

I find that the trial court erred in granting Ms. Washington's Exception of Prescription. I therefore dissent for the reasons that follow.

In two reconventional demands, in several letters between Ms. Washington's counsel and counsel for Wells Fargo (and the preceding holders of the note), and in correspondence authored and signed by Ms. Washington to counsel for Wells Fargo,[1] Ms. Washington admits that she owed the subject debt to Wells Fargo.

In the reconventional demand filed on September 16, 2010, it was alleged:

> 24.
> Upon information and belief, the dispute and litigation bearing docket no. 02-2293 between Ms. Washington and Option One was compromised. On April 15, 2003 counsel for Option One wrote to Ms. Washington's counsel indicating Option One's acceptance of a settlement in which Ms. Washington would pay $30,000.00 with certain terms as to the crediting of such funds and the provision of a plan by Option One for the payment of a deferred amount owed by Ms. Washington.

> 25.
> Upon information and belief, Ms. Washington paid $30,000.00 to Option One. Despite Option One accepting both the settlement and the payment pursuant to the settlement, the funds were not credited as had been agreed. Furthermore, Option One has not provided an intelligible or meaningful accounting or explanation of how the funds were credited.

---

[1] Ms. Washington is an attorney and, at the time correspondence was being exchanged between counsel, she was "of counsel" in the firm that was representing her.

In Ms. Washington's Amended Answer and Reconventional Demand filed on March 24, 2016, she averred:

32.
Both during and after the litigation of the 03-18612 proceeding Ms. Washington attempted to pay her mortgage payments to Wells Fargo. The tendered payments were refused numerous times. Eventually, when it became clear that such repeated attempts of payment were a vain and useless act, Ms. Washington ceased tendering payment.

Louisiana Civil Code art. 1853 provides that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact."

"The well settled jurisprudence establishes that an admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it." *C.T. Traina, Inc. v. Sunshine Plaza, Inc.,* 03-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159, citing *Taboni ex rel. Taboni v. Estate of Longo,* 01-2107 (La. 2/22/02), 810 So.2d 1142; *Starns v. Emmons,* 538 So.2d 275 (La. 1989); *Smith v. Board of Trustees,* 398 So.2d 1045 (La. 1981); *Cheatham v. City of New Orleans,* 378 So.2d 369 (La. 1979).

In *Wegmann v. Tramontin*, 15-0561 (La.App. 4 Cir. 1/13/16), 186 So.3d 236, the trial court granted an exception of no cause of action. In the underlying petition, appellant alleged that a verbal contract existed between the parties (which would support her cause of action). On appeal, appellant alleged that the terms of the verbal contract were different than what she alleged in her petition. This Court, citing *Traina,* found that appellant's petition was clear, and she was therefore bound by her judicial admission. 15-0561, p. 5-6, 186 So.3d at 240.

The majority cites to *Barnes v. Riverwood Apartments Partnership,* 43,798 (La.App. 2 Cir. 2/4/09), 16 So.3d 361, for the proposition that a judicial admission or confession can be revoked for an error of fact. In *Barnes,* early on in the litigation the defendant apartment complex admitted that it owned the property on which plaintiff was injured. However, after discovery, it was revealed that the property actually belonged to the city. The trial court allowed the defendant to withdraw its earlier admission.

In this matter, Wells Fargo filed the instant suit styled as a Petition to Enforce Security Interest by Ordinary Process on March 4, 2010. As noted above, Ms. Washington reconvened in September of 2010, admitting that the debt was owed. In March of 2016, Ms. Washington again admitted in an amended answer and reconventional demand, that the debt was owed. The majority relies on the fact that Ms. Washington "withdrew" her admission in briefs relative to the Exception of Prescription. La. Civ. Code art. 1853 allows for the withdrawal of an admission for error of fact. Here, it would appear Ms. Washington wished to withdraw her admissions as they were detrimental to her position, not because they were erroneous.

Louisiana Civil Code art. 3462 provides in part that "when an obligee commences action against the obligor, … prescription is interrupted only as to a defendant served by process within the prescriptive period." It is not disputed that Ms. Washington was timely served.

Louisiana Civil Code art. 3463 provides:

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at trial.

Louisiana Civil Code art. 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." "If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption." La. Civ. Code art. 3466. Suits on notes are subject to a liberative prescription of five years. La. Civ. Code art. 3498.

Wells Fargo filed the subject suit on March 4, 2010. On September 16, 2010 and March 24, 2016, Ms. Washington acknowledged that a debt was due in favor of Wells Fargo. These judicial admissions suffice to interrupt prescription. As Wells Fargo has not abandoned or failed to prosecute the suit, I would not find that this case is prescribed.

Accordingly, I dissent from the majority opinion.