NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0430

LOUISIANA TELEVISION BROADCASTING, L.L.C.

VERSUS

JAY INZENGA & JAY'S FURNITURE HOME STORE, L.L.C.

*DATE OF JUDGMENT:* NOV 1 5 2019

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 657125, SECTION 25, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE WILSON E. FIELDS, JUDGE

* * * * * *

Timothy Stephen Babcock
Chase Tettleton
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellee
Louisiana Television Broadcasting,
L.L.C.

Brent E. Kinchen
Gregory P. Aycock
Baton Rouge, Louisiana

Counsel for Defendants-Appellants
Jay Inzenga and Jay's Furniture Home
Store, L.L.C.

* * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: REVERSED IN PART.

McDonald, J. concurs and assigns reasons.

**CHUTZ, J.**

Defendants-appellants, Jay Inzenga and Jay's Furniture Home Store, LLC (Jay's Furniture), appeal the trial court's summary judgment against them, in favor of plaintiff-appellee, Louisiana Television Broadcasting, LLC (WBRZ),[1] awarding the balance due on an advertisement account as well as attorney fees. We reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

WBRZ sells advertising during its programming which Jay's Furniture utilized subsequent to entering into a credit application and payment agreement, signed by Inzenga on behalf of Jay's Furniture as its "Owner" on June 30, 2009. By April 20, 2016, Jay's Furniture had an advertising balance due of $47,285.60. Jay's Furniture subsequently sold its furniture store without having either paid off the balance due on the WBRZ account or transferred the debt to the purchaser. Inzenga contacted WBRZ representative, General Manager Rock Daboval, in three text messages. WBRZ maintains that as a result of the contents of the text messages, Inzenga became liable in his individual capacity along with Jay's Furniture for the balance due on the advertising account.

WBRZ initiated this lawsuit, naming Inzenga and Jay's Furniture as defendants. After Inzenga and Jay's Furniture answered the lawsuit,[2] WBRZ filed this motion for summary judgment, averring it was entitled to judgment in its favor against both Inzenga and Jay's Furniture.[3] After a hearing, the trial court rendered

---

[1] It is undisputed that Louisiana Television Broadcasting, LLC operates as an ABC affiliate with the call sign WBRZ on Baton Rouge local channel 2.

[2] A third-party demand was asserted by Inzenga and Jay's Furniture against Great Media d/b/a Randy Rice and Associates (Great Media). They alleged that Jay's Furniture paid Great Media the full amount of the WBRZ invoice but that the third-party defendant never paid WBRZ as it was contractually obligated to do. Great Media was subsequently dismissed from this litigation without prejudice.

[3] An earlier motion for summary judgment, filed by Inzenga and Jay's Furniture, and WBRZ's cross-motion for summary judgment were denied by the trial court on July 9, 2018.

summary judgment in favor of WBRZ and against Inzenga and Jay's Furniture in the amount of $47,285.60 plus attorney fees of $9,457.12.[4] Inzenga and Jay's Furniture appeal.

## DISCUSSION

Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court's determination of whether summary judgment is appropriate. *Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1005-06. A motion for summary judgment shall be granted only if the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions admitted for purposes of the motion for summary judgment show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). A genuine issue is one as to which reasonable persons could disagree. Moreover, all doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765-66 (per curiam); *Neighbors Fed. Credit Union v. Anderson*, 2015-1020 (La. App. 1st Cir. 6/3/16), 196 So.3d 727, 735.

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). When the mover will bear the burden of proof at trial, it must be determined that its supporting documents are sufficient to resolve all material issues of fact. Only they are sufficient does the burden shift to the opposing parties to present evidence showing that an issue of material fact exists, because the opposing parties can no longer rest on the allegations or denials in their pleadings at that point. *Neighbors Fed. Credit Union*, 196 So.3d at 734. Thus, regardless of whether the opposing parties file an opposition or counter-affidavits, the moving party must first show

---

[4] Although the motion for summary judgment was set for November 13, 2018, the trial court's minutes of court and the recital set forth in the signed judgment granting relief state the hearing was held on November 14, 2018. While the record does not offer an explanation to account for the different dates, the parties have not complained.

3

that all critical elements of the opposing party's case have been put to rest. This is because the burden of proof is on the mover to present a prima facie case. If the mover does not make a prima facie case, the burden never shifts to the opposing parties and they have nothing to prove in response to the motion for summary judgment. *Hat's Equip., Inc. v. WHM, L.L.C.*, 2011-1982 (La. App. 1st Cir. 5/4/12), 92 So.3d 1072, 1076.

On appeal, Inzenga and Jay's Furniture do not challenge the entry of judgment against Jay's Furniture in the amount of $47,285.60, the award of attorney fees in the amount of $9,457.12, or the quantum of either amount.[5] Instead, they assert there was no obligation by Inzenga to assume the debt of Jay's Furniture in his individual capacity.

In support of its motion for summary judgment, WBRZ relied the three text messages Inzenga sent to WBRZ representative Daboval.[6] According to the first message, dated April 4, 2013, Inzenga texted:

> Rock, I must
> find a way to
> give to you
> something
> toward the old
> bill
> The letter of
> intend is done
> but no sign of
> closing as of
> yet.
> I will forward to
> you any
> corresponden
> ce on this.
> Thanks
> Jay.

---

[5] See La. R.S. 9:2781, defining an open account and providing for recovery of attorney fees in the prosecution and collection of such a claim when judgment is rendered in favor of the claimant.

[6] In response to a request for admission of genuineness, Inzenga and Jay's Furniture admitted that Inzenga sent the messages to Daboval, although they maintained that the text messages had been sent on behalf of Jay's Furniture. On appeal, Inzenga and Jay's Furniture do not challenge the contents of the messages as set forth in WBRZ's petition.

4

Over two years later, on June 29, 2015, Inzenga stated in another text message:

> I will give you
> something in
> the morning
> that we can
> live with in
> good faith.

The last message Inzenga sent to Daboval was on July 2, 2015 and provided:

> Rock we are
> getting funded
> on something
> today
> So we can
> send you
> something
> The BP Claim
> looks good it
> should cover
> the balance.

In its motion for summary judgment, WBRZ emphasized Inzenga's use of the word "I" in the first two messages as an indication that he was referring to himself rather than acting in a representative capacity. Additionally, WBRZ suggested that in the April 4, 2013 message, the reference to "something toward the old bill" was "an absolute expression of [Inzenga's] intent to pay the open account since his text unequivocally states **he** is agreeing to make payments individually for and on behalf of Jay's Furniture." On appeal, WBRZ urges that the only reasonable interpretation of the text messages is that Inzenga intended to be a personal guarantor, surety, and payor of the outstanding debt. According to WBRZ, the messages show that Inzenga knew a debt was owed by Jay's Furniture that must be paid; he intended to pay it personally; and he ensured that he would pay the debt.

An obligee and a third person may agree on an assumption by the latter of an obligation owed by another to the former. That agreement must be made in writing.

5

La. C.C. art. 1823. Additionally, parol evidence is inadmissible to establish a promise to pay the debt of a third person. La. C.C. art. 1847.

The requirements for a valid contract, which include an agreement to assume the debt of a third person, are: (1) capacity; (2) consent; (3) a lawful cause; and (4) a valid object. See La. C.C. arts. 1918, 1927, 1966, 1971; *Granger v. Christus Health Central Louisiana*, 2012-1892 (La. 6/28/13), 144 So.3d 736, 760-61. The burden of proof in an action for breach of contract is on the party claiming rights under the contract. See La. C.C. art. 1831; *Hornbeck Offshore Operators, LLC v. Cross Group, Inc.*, 2016-0174 (La. App. 1st Cir. 10/31/16), 207 So.3d 1141, 1146, writ denied, 2016-2095 (La. 1/9/17), 214 So.3d 872.

According to the Civil Code, "The quantity of a contractual object may be undetermined, provided it is determinable." La. C.C. art. 1973. Where an obligation is "too indeterminate" to meet the requirements of Article 1973, the "obligation [is] unenforceable because it is without cause." *Wegmann v. Tramontin*, 2015-0561 (La. App. 4th Cir. 1/13/16), 186 So.3d 236, 240, writ denied, 2016-0276 (La. 4/4/16), 190 So.3d 1209 (citing *TAC Amusement Co. v. Henry*, 238 So.2d 398, 400 (La. App. 4th Cir. 1970)). Thus, where a former husband allegedly agreed to pay his former wife between $3 million and $5 million on an as-needed basis, there was an undeterminable sum and the agreement was unenforceable, because it was without cause since there was no indication of where in the range the payments would fall or what constituted "as needed." See *Wegmann*, 186 So.3d at 240. See also *Villars v. Edwards*, 412 So.2d 122, 124-25 (La. App. 1st Cir.), writ denied, 415 So.2d 945 (La.1982) (because the parties agreeing to build a home did not have a "meeting of the minds" with regard to price, no contract came into existence).

Pretermitting a discussion of whether in the text messages Inzenga communicated with WBRZ individually or in a representative capacity as an owner

of Jay's Furniture, as well as whether the text messages constitute a writing for purposes of Article 1823, we find the three text messages fail to establish the quantity of a contractual object. As such, any alleged offer by Inzenga in his individual capacity to assume the debt of Jay's Furniture is undetermined. Although the parties may have understood that an outstanding balance existed, the offer to "give [WBRZ] something toward the old bill" on April 4, 2013; to "give [WBRZ] something in the morning that we can live with in good faith" on June 29, 2015; or that "we can send [WBRZ] something" on July 2, 2015, each individually, and all collectively, fail to establish the amount of Jay's Furniture's outstanding advertising balance that Inzenga was ostensibly offering to assume. As such, there was an undeterminable sum, and any alleged agreement was without cause.

Therefore, WBRZ failed to make its prima facie case on its motion for summary judgment showing that Inzenga assumed the debt of Jay's Furniture on the advertising balance in his individual capacity. Accordingly, the trial court erred in entering judgment against Inzenga individually.

## DECREE

For these reasons, we reverse the portions of the judgment entered against Inzenga in his individual capacity in the amount of $47,285.60 and casting him with attorney fees in the amount of $9,457.12. In all other respects, the trial court's judgment is affirmed. Appeal costs are assessed against plaintiff-appellee, Louisiana Television Broadcasting, LLC.

**REVERSED IN PART.**

7

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0430

LOUISIANA TELEVISION BROADCASTING, L.L.C.

VERSUS

JAY INZENGA & JAY'S FURNITURE HOME STORE, L.L.C.



**McDONALD, J., concurs.**

I respectfully concur. In addition to the reasons set forth in the majority opinion, I write separately to point out that there are genuine issues of material fact regarding whether Mr. Inzenga's text messages to Mr. Daboval were sent in his individual or representative capacity. Further, even if the text messages were sent on his own behalf, there are genuine issues of material fact as to the extent to which Mr. Inzenga assumed Jay's Furniture's debt under La. C.C. art. 1822.

First, I think there are genuine issues of material fact as to whether Mr. Inzenga sent the text messages in his individual capacity. In reviewing a summary judgment, factual inferences reasonably drawn from the evidence must be construed in favor of the non-moving party, and all doubt must be resolved in his favor. *Pontchartrain Natural Gas System v. Texas Brine Co., LLC,* 18-0606 (La. App. 1 Cir. 12/21/18), 268 So.3d 1058, 1062, *writ denied,* 19-0526 (La. 17/19), 273 So.3d 1210. Construing Mr. Inzenga's ambiguous text messages in his favor, and resolving doubt as to Mr. Inzenga's intent in his favor, the reasonable inference is that he sent the text messages on Jay's Furniture's behalf, not individually. The majority opinion pretermits consideration of this issue.

Second, even if Mr. Inzenga did assume Jay's Furniture's obligation to pay the advertising debt, under La. C.C. art. 1822, a person who assumes another's obligation is bound "only to the extent of his obligation." *See Crosstex Energy Services, LP v. Texas Brine Company, LLC,* 18-1213 (La. App. 1 Cir. 7/11/19), 2019 WL 3049762 *4. Because Mr. Inzenga's text messages contain no specific dollar amount, I do not think

they show the "extent" to which Mr. Inzenga bound himself to pay Jay's Furniture's advertising debt. I would base the reversal of the judgment on WBRZ's lack of summary judgment proof under La. C.C. art. 1822, rather than on the more general provision of La. C.C. art. 1973, upon which the majority opinion relies.